Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
Thomas Segal (SBN 222791)
    thomas@setarehlaw.com
**SETAREH LAW GROUP**
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California  90212
Telephone:    (310) 888-7771
Facsimile:    (310) 888-0109

Attorneys for Plaintiff,
JOHN UTNE

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN UTNE, on behalf of himself, all others similarly situated, and the general public,<br><br>*Plaintiff,*<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>*Defendants.* | Case No. 3:16-CV-01854-RS<br><br>[Assigned to Hon. Richard Seeborg]<br><br>**CLASS ACTION**<br><br>**THIRD  AMENDED COMPLAINT FOR:**<br><br>1.  Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198);<br>2.  Failure to Provide Accurate Written Wage Statements (Lab. Code § 226(a));<br>3.  Failure to Timely Pay All Final Wages (Lab. Code §§ 201-203);<br>4.  Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*);<br>5.  Civil Penalties (Lab. Code §§ 2698, *et seq.*).<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, John Utne (hereafter "Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this class and representative action against defendant Home Depot U.S.A., Inc., a Delaware corporation and DOES 1 through 50 inclusive (hereafter "Defendants") for alleged violations of the Labor and Business and Professions Codes. As set forth below, Plaintiff alleges that Defendants have failed to pay them for all hours worked, failed to pay them at least minimum wages for all hours worked, failed to pay them overtime wages for all overtime hours worked, failed to provide them with accurate written wage statements, and failed to timely pay them all of their final wages following separation of employment. Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution, and related relief on behalf of himself, all others similarly situated, and the general public.

## JURISIDICTION AND VENUE

2.    This Court has subject matter jurisdiction to hear this case because Plaintiff is informed and believes that the monetary damages and restitution sought herein for Defendants' conduct exceeds the minimal jurisdictional limits of the Superior Court.

3.    Plaintiff is informed and believes that the individual claims of the below-defined classes are under the $75,000.00 threshold for Federal diversity jurisdiction and the aggregate claim is under the $5,000,000.00 threshold for Federal jurisdiction, under the Class Action Fairness Act of 2005. Further, there is no federal question at issue as the issues herein are based solely on California law.

4.    Venue is proper in Alameda County pursuant to Code of Civil Procedure Sections 395(a) and 395.5 in that liability arose in Alameda County because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business, and/or has an agent therein.

///

///

1

## PARTIES

**A.** **Plaintiff**

5.   Plaintiff currently works for Defendants in an hourly position as a non-exempt employee.

**B.** **Defendants**

6.   Defendant Home Depot U.S.A., Inc. is a Delaware corporation authorized to do business in California.

7.   Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as Does 1-50, inclusive, but is informed and believes that said Defendants are legally responsible for the conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege both the true names and capacities of the Doe Defendants when ascertained.

8.   Plaintiff is informed and believes that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to each of the other Defendants.

## CLASS ALLEGATIONS

9.   This action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

10.   **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

11.   The class and subclass members are defined as follows:

> **Hourly Employee Class:** All persons employed by Defendants in hourly or non-exempt positions in California during the **Relevant Time Period**.

> > **Lockdown Sub-Class:** All hourly employees of Defendants in California who were required to wait off-the-clock while waiting

2

to be released from Defendants' stores following the end of their during the **Relevant Time Period.**

**Wage Statement Penalties Class:** All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Class:** All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class:** All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period**.

12.     **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

13.     **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

14.     **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A.     Have Defendants failed to compensate class members for all hours worked as a result of requiring class members to wait off-the-clock to be released from Defendants' stores following the end of their shift?

B.     Have Defendants failed to compensate class members for all overtime hours worked as a result of of requiring class members to wait off-the-clock to be released from Defendants' stores following the end of their shift?

C.     Have Defendants rounded class members' clock in and clock out time

3

and/or total hours worked in an unfair and unneutral manner such as to result in underpayment of wages?

D.   Have Defendants failed to compensate class members with at least minimum wages for all hours worked as a result of of requiring class members to wait off-the-clock to be released from Defendants' stores following the end of their shift?

E.   Have Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and time worked?

F.   Have Defendants applied policies or practices that result in late and/or incomplete final wage payments?

G.   Are Defendants liable to class members for waiting time penalties under Labor Code § 203?

H.   Are class members entitled to restitution of money or property that Defendants may have acquired from them through unfair competition?

15.   **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and the Business and Professions Code as alleged herein.

16.   **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

17.   **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

4

18.     **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197, and 1198)

### (By Plaintiff, Hourly Employee Class, Lockdown Sub-Class)

19.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

20.     At all relevant times, Plaintiff and **Hourly Employee Class, Lockdown Sub-Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the Wage Orders.

21.     Section 2 of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

22.     Section 4 of the Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

23.     Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable

5

Wage Orders.

24.     Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

25.     Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

26.     Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

27.     Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

28.     Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

29.     Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

30.     Labor Code § 510 and Section 3 of the Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

31.     Labor Code § 510 and Section 3 of the Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

32.     Plaintiff is informed and believes that, at all relevant times, Defendants have

6

applied centrally devised policies and practices to him and **Hourly Employee Class, Lockdown Sub-Class** members with respect to working conditions and compensation arrangements.

### *Store Lockdowns*

33.    At all relevant times during the applicable limitations period, Defendants maintained a policy or practice of requiring Plaintiffs to wait off-the-clock to be released from Defendants' stores following the end of their shift.  This was a regular practice, which was performed after Plaintiffs clocked out at the end of the workday.

34.    Plaintiffs are informed and believe that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of requiring Plaintiffs and **Lockdown Sub-Class** members to wait off-the-clock to be released from Defendants' stores following the end of their shift, and that Plaintiff and the **Lockdown Sub-Class** members were not compensated for the time.

35.    As a result of Defendant's policy or practice of requiring their employees to wait off-the-clock to be released from Defendants' stores following the end of their shift, Plaintiff and **Security Check Sub-Class** members were often required to perform off-the-clock work that Defendants either knew or should have knonw they were performing.

36.    At all relevant times during the applicable limitations period, Defendants failed to pay hourly wages to Plaintff and **Security Check Sub-Class** members for all time worked, including but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting them to undego said procedures.

### *Rounding*

37.    Plaintiff is informed and believes that, at all relevant times, Defendants have maintained a policy and/or practice of rounding Plaintiff and **Hourly Employee Class** members' clock-in and clock-out times and/or total hours worked in an unfair and unneutral manner.

38.    Plaintiff is informed and believes that, at all relevant times, due to Defendant's above mentioned policy, Defendants failed to pay Plaintiff and members of the **Hourly**

7

1  **Employee Class** for all hours worked, including but not limited to, overtime work.

2  *Work Before Clocking In*

3  39.   At all relevant times, Home Depot had a practice that resulted in Plaintiff and

4  Hourly Employee Class members working before clocking in.

5  40.   Unde Home Depot's written policies, employees must be working when in the

6  store.

7  41.   Home Depot directs employees that the moment that they enter the store they are

8  to head directly to the back of the store, obtain an apron from their locker, put on the apron and

9  clock in.

10  42.   Due to the small number of time clocks used by Home Depot, employees often

11  are not able to clock in immediately.

12  43.   From the time that employees enter the store they are under Home Depot's

13  control. For example, it would be a violation of Home Depot's policies for an employee who

14  enters the store to stop and have a conversation with a coworker who is leaving the store.

15  Instead, employees are directed that they must be working when in the store, and after entering

16  the store they must proceed directly to the back of the store, get their apron from a locker, put

17  on the apron and then clock in.

18  44.   Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the

19  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of

20  himself and **Hourly Employee Class, Lockdown Sub-Class** members, seeks to recover

21  reasonable attorneys' fees.

22

23  **SECOND CAUSE OF ACTION**

24  **FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

25  **(Lab. Code § 226)**

26  **(By Plaintiff and Wage Statement Penalties Class)**

27  45. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully

28  alleged herein.

8

46. Labor Code § 226(a) states in pertinent part the following: " (a) every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employer, except for an employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one time, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer".

47. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements as described supra in this complaint.

48. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements that accurately reflect the gross wages earned because class members were not compensated for off-the-clock work.

49. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements that accurately reflect the gross wages earned because class members' clock in and clock out times and/or total hours worked were rounded in an unfair and unneutral manner such as to result in underpayment of wages.

50. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements that

9

accurately reflect the net wages earned because compensation was not provided for off-the-clock work.

51. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements that accurately reflect the net wages earned because class members' clock in and clock out times and/or total hours worked were rounded in an unfair and unneutral manner such as to result in underpayment of wages.

52. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements that accurately reflect the total hours worked because the off-the-clock work was not included.

53. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements that accurately reflect the total hours worked because class members' clock in and clock out times and/or total hours worked were rounded in an unfair and unneutral manner.

54. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements that accurately reflect all applicable hourly rates and corresponding number of hours worked at each hourly rate because the number of off-the-clock security hours worked and the corresponding hourly rate is not reflected.

55. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements that accurately reflect all applicable hourly rates and corresponding number of hours worked at each hourly rate because class members' clock in and clock out times and/or total hours worked were rounded in an unfair and unneutral manner.

56. Plaintiff is informed and believes that Defendants' failures to provide him and **Wage Statement Penalties Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants

have known to not comply with Labor Code 226(a).

57. Plaintiff and **Wage Statement Penalties Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to state and federal government agencies.

58. Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code § 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

## THIRD CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and Waiting Time Penalties Class)

59. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

60. At all relevant times, Plaintiff and **Waiting Time Penalties Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

61. At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

62. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to

11

1   payment of all final wages at the time of resignation.

2       63. At all relevant times, pursuant to Labor Code § 202, employees who have
3   resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled
4   to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

5       64. During the applicable limitations period, Defendants failed to pay
6   Plaintiff all of his final wages in accordance with Labor Code § 201 by failing to timely pay him
7   all of his final wages.

8       65. Plaintiff is informed and believes that, at all relevant times, Defendants
9   have failed to timely pay **Waiting Time Penalties Class** members all of their final wages in
10  accordance with Labor Code §§ 201 or 202.

11      66. Plaintiff is informed and believes that, at all relevant times, Defendants
12  have maintained a policy or practice of paying **Waiting Time Penalties Class** members their
13  final wages without regard to the requirements of Labor Code §§ 201 and 202 by failing to
14  timely pay them all final wages.

15      67. Plaintiff is informed and believes that Defendants' failures to timely pay
16  all final wages to him and **Waiting Time Penalties Class** members have been willful in that
17  Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and 202
18  but have intentionally adopted policies or practice that are incompatible with those
19  requirements.

20      68. Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of himself
21  and **Waiting Time Penalties Class** members, seeks waiting time penalties from the dates that
22  their final wages have first become due until paid, up to a maximum of 30 days, and interest
23  thereon.

24      69. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit
25  doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time**
26  **Penalties Class** members, seeks awards of reasonable costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## UNFAIR COMPETITION

12

**(Bus. & Prof. Code §§ 17200, *et seq.*)**

**(By Plaintiff and UCL Class)**

70. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

71. Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

72. Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

73. California law requires employers to pay hourly, non-exempt, employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

74. Plaintiff and the UCL Class realleges and incorporates by reference the FIRST cause of action herein.

75. Plaintiff lost money or property as a result of the aforementioned unfair competition.

76. Defendants have, or may have, acquired money by means of unfair competition.

77. Plaintiff is informed and believes and theron alleges that, by committing the Labor Code violations described in this complaint, Defendants violated Labor Code §§ 215, 216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the Labor Code violations mentioned herein.

78.      Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligation on employers by failing to pay non-exempt employee for all hours worked.

***Relief Sought***

79. The unlawful conduct of Defendants alleged herein amounts to and

13

1  constitutes unfair competition within the meaning of Business & Professions Code §§ 17200, *et*
2  *seq.*  Business & Professions Code §§ 17200, *et seq.*, protects against unfair competition and
3  allows a person who has suffered an injury-in-fact and has lost money or property as a result of
4  an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on
5  behalf of other similarly situated persons in a class action proceeding.

6      80.  As a result of Defendants' violations of the Labor Code during the
7  applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has
8  lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or
9  property as a result of the aforementioned conduct.

10     81. Plaintiff is informed and believes that other similarly situated persons
11  have been subject to the same unlawful policies or practices of Defendants.

12     82. Due to its unfair and unlawful business practices in violation of the Labor
13  Code as alleged herein, Defendants have gained a competitive advantage over other comparable
14  companies doing business in the State of California that comply with their legal obligations
15  under the Labor Code.

16     83. Pursuant to Business & Professions Code § 17203, Plaintiff, on behalf of
17  himself and the other members of the **UCL Class**, seeks declaratory relief and restitution of all
18  monies rightfully belonging to them that Defendants did not pay them or otherwise retained by
19  means of its unlawful and unfair business practices.

20     84. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit
21  doctrine and/or the common fund doctrine, Plaintiff and the other members of the **UCL Class**
22  are entitled to recover reasonable attorneys' fees in connection with their unfair competition
23  claims.

## FIFTH CAUSE OF ACTION

### CIVIL PENALTIES

### (Lab. Code §§ 2698, *et seq.*)

27     85. Plaintiff incorporates the preceding paragraphs of the Complaint as if
28  fully alleged herein.

14

86. During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 223, 226(a), 510, 1194, 1197, and 1198.

87. Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, of behalf of himself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures specified in Labor Code § 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure § 382.

88. Plaintiff, as a former employee against whom Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code § 2699(c).

89. Plaintiff has complied with the procedures for bringing suit specified in Labor Code § 2699.3.

90. Pursuant to Labor Code §§ 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 223, 226(a) 510, 1194, 1197, and 1198:

    A.    For violations of Labor Code §§ 201, 202, 203, 226.7, 1194, and 1198, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code § 2699(f)(2));

    B.    For violations of Labor Code § 203, a penalty in an amount not exceeding 30 days pay as waiting time (penalties set by Labor Code § 256).

    C.    For violations of Labor Code § 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional

15

(penalties set by Labor Code § 225.5);

    D.    For violations of Labor Code § 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code § 226.3);

    E.    For violations of Labor Code §510, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code § 558); and

    F.    For violations of Labor Code § 1197, $100 for each aggrieved employee for each initial violation of Labor Code § 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of § 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code § 1197.1).

91. Pursuant to Labor Code § 2699(g), Plaintiff seeks awards of reasonable costs and attorneys' fees in connection with his claims for civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

    A.  An order that the action be certified as a class action;

    B.  An order that Plaintiff be appointed class representative;

    C.  An order that counsel for Plaintiff be appointed class counsel;

    D.  Unpaid Wages;

    E.  Actual Damages;

    F.  Liquidated Damages;

    G.  Restitution;

    H.  Declaratory relief;

I.   Pre-judgment interest;

J.   Statutory penalties;

K.  Civil penalties;

L.   Costs of suit;

M.  Reasonable attorneys' fees; and

N.  Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself, all others similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

DATED:  August 16, 2017          SETAREH LAW GROUP

BY _/s/ Shaun Setareh_____
SHAUN SETAREH
THOMAS SEGAL
Attorneys for Plaintiff,
JOHN UTNE

17

**PROOF OF SERVICE**

I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 9454 Wilshire Boulevard, Suite 907 Beverly Hills, CA 90212.

On September 19, 2017, I served the foregoing documents described as:

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

Donna M. Mezias
dmezias@akingump.com
Liz K. Bertko
lbertko@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
580 California Street, Suite 1500
San Francisco, CA 94104
**Counsel for defendant Home Depot U.S.A., Inc.**

**[X]    BY MAIL**

I am readily familiar with the practice of Setareh Law Group for the collection and processing of correspondence for mailing with the United States Postal Service.  It is the practice that correspondence is deposited with United States Postal Service the same day it is submitted for mailing with postage thereon fully prepaid at Beverly Hills, California.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]    BY E-MAIL OR ELECTRONIC TRANSMISSION**

Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent to the person(s) listed at the address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ]    BY FEDERAL EXPRESS**

I am readily familiar with the practice of Setareh Law Group for the collection and processing of correspondence for deposit with Federal Express.  It is the practice that correspondence is deposited with Federal Express the same day it is submitted for mailing with fees thereon fully prepaid at Beverly Hills, California.  I am aware that on motion of the party served, service is presumed invalid if date of receipt of the document by Federal Express is more than one day after date of deposit for mailing in affidavit.

**[ ]   BY FACSIMILE MACHINE**

I transmitted from a facsimile transmission machine whose telephone number is (310) 888-0109 to the above-identified recipient and fax telephone number. The above-described transmission was reported as complete without error by a transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

**[ ]   PERSONAL SERVICE**

I delivered the foregoing document by hand delivery to the addressee named above.

**[ ]   BY CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

I deposited such envelope in the mail at Beverly Hills, California.  The envelope was mailed Certified/Return Receipt Requested with postage thereon fully prepaid. I am readily familiar with the practice of Setareh Law Group for collection and processing of correspondence for mailing with the United States Postal Service.  It is the practice that correspondence is deposited with United States Postal Service the same day it is submitted for mailing with postage thereon fully prepaid at Beverly Hills, California.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[ ]   STATE**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**[X]   FEDERAL**   I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 19, 2017, at Beverly Hills, California.

_____
Angel Reyes