QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Shon Morgan (Bar No. 187736)
  (shonmorgan@quinnemanuel.com)
  Duane Lyons (Bar No, 125091)
  (duanelyons@quinnemanuel.com)
  Joseph C. Sarles (Bar No. 254750)
  (josephsarles@quinnemanuel.com)
  John W. Baumann (Bar No. 288881)
  (jackbaumann@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Defendant Home Depot U.S.A., Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN UTNE, on behalf of himself, all others similarly situated, and the general public;<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | CASE No. 3:16-cv-01854-RS<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER RE PRE-TRIAL SCHEDULE AND TRIAL DATE**<br><br>Action Filed: March 8, 2016 |

**JOINT STIPULATION**

This Joint Stipulation to extend expert deadlines, defendant's decertification motion briefing deadlines, pretrial conference and trial date is made by and between plaintiff John Utne and defendant Home Depot U.S.A., Inc., through their respective counsel of record:

1. On May 20, 2020, the parties stipulated to a schedule to ensure sufficient access to expert discovery before briefing defendant's decertification motion. ECF No. 192. The Court entered an Order amending the schedule on May 26, 2020. ECF No. 193.

2. The parties have exchanged rebuttal reports in accordance with the current schedule and have been working diligently to complete expert discovery.

3. In light of developments during the expert-discovery period, including the opinions contained in the parties' rebuttal reports and the accompanying document productions, the parties have conferred and agreed it would assist the Court and parties to allow plaintiff's expert Dr. Jon A. Krosnick and defendant's expert Mr. Robert Crandall to submit supplemental expert reports.

4. Because much of the expert discovery relates to defendant's pending motion for decertification, the parties also believe it is appropriate to continue the briefing schedule and hearing date for that motion. Further, defendant's decertification motion might impact the parties' preparation for the pretrial conference and trial, thus the parties believe it is necessary to continue those dates.

5. Accordingly, the parties respectfully request the Court adopt the following proposed revised case schedule:

| Event | Current Date | Proposed Date |
| --- | --- | --- |
| Rebuttal Expert Designation Deadline | April 30, 2020 | Completed |
| Deadline for Supplemental Expert Reports of Dr. Jon A. Krosnick and Mr. Robert Crandall | N/A | September 21, 2020 |
| Deadline for Depositions of the Parties' Currently-Designated Experts | August 14, 2020 | October 5, 2020 |
| Completion of Expert Discovery | August 14, 2020 | October 5, 2020 |
| Plaintiff's Opposition to Defendant's Decertification Motion Deadline | September 1, 2020 | November 5, 2020 |

|  |  |  |
|---|---|---|
| Defendant's Reply ISO Defendant's Decertification Motion Deadline | October 1, 2020 | November 25, 2020 |
| Last Day for Hearing Pretrial Motions | October 15, 2020 | December 10, 2020 (or the earliest date thereafter available to the Court and agreed upon by both sides) |
| Hearing Date for Defendant's Decertification Motion | October 15, 2020 | December 10, 2020 (or the earliest date thereafter available to the Court and agreed upon by both sides) |
| Pretrial Conference | January 6, 2021, 10:30 a.m. | February 10, 2021, 10:00 a.m. |
| Trial Date | January 25, 2021 | March 1, 2021 |

6. The parties reserve all rights as to the appropriateness of the content of the supplemental reports, including the right to seek to exclude any opinions contained therein. Home Depot reserves the right to include in this stipulated supplemental report of Mr. Crandall the same or similar information contained in the prior Supplemental Declaration of Robert Crandall, which Home Depot sought leave to file on June 30, 2020. *See* ECF No. 195.

7. It is Plaintiff's position that the Magistrate Judge already issued an order excluding new expert opinions based on a change in company policy that was put in place in 2018, but not disclosed to Plaintiff until 2020. *See* ECF No. 203. It is further Plaintiff's position that the purpose of the requested extension is to allow the experts time to review, analyze and form opinions based on the large volume of underlying support materials for each side's rebuttal report, unrelated to the materials discussed in ECF No. 195.

8. Plaintiff further contends that extensive additional discovery would be required if the experts were permitted to base their opinions on the newly-disclosed policy change previously excluded by Magistrate Judge Kim, which would include, inter alia: (1) deposing some or all of

the managers employed by Home Depot at the locations included in Mr. Crandall's study discussed in ECF No. 195 to determine facts such as whether they were aware of the new policy, if they followed the new policy, if they enforced the new policy, etc.; (2) deposing a sample of new hires at the stores included in Mr. Crandall's study to determine if the new policy was ever disclosed to them, and related issues, and (3) possibly having to retain a new expert and/or expand the scope of Dr. Krosnick's current study to address the new issues raised in the Crandall study discussed in ECF N. 195.

9. It is Home Depot's position that the parties' agreement to supplemental reports has changed the circumstances that provided the basis for Magistrate Judge Kim's order, such that this supplement is now appropriate. *See* ECF No. 203 ("The District Court set a schedule for expert reports long ago, and those deadlines have passed.").

10. Plaintiff disagrees and is reserving his right to move to strike this material from Mr. Crandall's supplemental report. However, in the interest of moving the action forward and minimizing disputes, the parties will address this issue at a later time, to the extent it is necessary.

11. To date, the following deadlines in this action have been modified: Stipulation to Continue Initial Case Management Conference and Order granting same (ECF Nos. 17 and 18); Stipulation to Continue Class Certification Briefing and Hearing and Order granting same (ECF Nos. 35 ad 36); Stipulation to Continue Briefing and Hearing and Order granting same (ECF Nos. 110 and 111); Defendant's Motion to Enlarge Time to Oppose Plaintiff's Motion for Partial Summary Judgment and Order granting same (ECF Nos. 122 and 124); Stipulation to Extend Plaintiff's Deadline to Oppose Motion for Partial Summary Judgment and Order Granting Same (ECF No. 130); Stipulation to Extend Expert Deadlines, Defendant's Decertification Motion Deadline, Pretrial Conference and Trial Date (ECF No. 144); Stipulation to Extend Expert Deadlines, Decertification Motion Deadline, Pretrial Conference and Trial Date (ECF No. 151); Stipulation to Set Briefing Schedule and Hearing Date for Defendant's Motion to Decertify (ECF No. 155); Stipulation to Extend Expert Deadlines, Defendant's Decertification Motion Briefing Deadlines, Pretrial Conference and Trial Date (ECF No. 180); and Stipulation to Extend Expert Deadlines, Defendant's Decertification Motion Briefing Deadlines, and Hearing on Motion to

1  Decertify (ECF No. 187); Stipulation and Order re: Pre-Trial Schedule and Trial Date (ECF No.
2  189); and Stipulation and Order re: Pre-Trial Schedule and Trial Date (ECF No. 193).
3       IT IS SO STIPULATED.
4  DATED:  August 9, 2020         QUINN EMANUEL URQUHART &
                                                              SULLIVAN, LLP

                                           By */s/ Shon Morgan*
                                               Shon Morgan
                                               Attorneys for Defendant Home Depot U.S.A., Inc.

DATED:  August 9, 2020         SETAREH LAW GROUP

                                           By */s/ Shaun Setareh*
                                               Shaun Setareh
                                               Attorneys for Plaintiff John Utne and the Class

Pursuant to Civil Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from each of the above signatories.

# [PROPOSED] ORDER

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED** that the following deadlines and hearing date are entered:

| Event | Date |
| --- | --- |
| Rebuttal Expert Designation Deadline | Completed |
| Deadline for Supplemental Expert Reports of Dr. Jon A. Krosnick and Mr. Robert Crandall | September 21, 2020 |
| Deadline for Depositions of the Parties' Currently-Designated Experts | October 5, 2020 |
| Completion of Expert Discovery | October 5, 2020 |
| Plaintiff's Opposition to Defendant's Decertification Motion Deadline | November 5, 2020 |
| Defendant's Reply ISO Defendant's Decertification Motion Deadline | November 25, 2020 |
| Last Day for Hearing Pretrial Motions | December 10, 2020 (or the earliest date thereafter available to the Court and agreed upon by both sides) |
| Hearing Date for Defendant's Decertification Motion | December 10, 2020 (or the earliest date thereafter available to the Court and agreed upon by both sides) |
| Pretrial Conference | February 10, 2021, 10:00 a.m. |
| Trial Date | March 1, 2021 |

Dated: __8/10/2020__          _____
                              Honorable Richard Seeborg
                              United States District Judge