UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN UTNE,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.

Case No. 16-cv-01854-RS

**ORDER ON MOTIONS FOR JUDGMENT ON THE PLEADINGS, LEAVE TO FILE AN AMENDED COMPLAINT, AND SANCTIONS**

## I. INTRODUCTION

Plaintiffs and Home Depot each filed various pretrial motions in this labor class action, including motions concerning experts and a motion for class decertification. This order addresses only Home Depot's motion for judgment on the pleadings as to Plaintiffs' Unfair Competition Law ("UCL") claim, Plaintiffs' motion for leave to file an amended complaint, and Plaintiffs' motion for sanctions for failing to notify Plaintiffs and this court of related actions.[1] For the reasons set forth below, Home Depot's motion for judgment on the pleadings as to the UCL claim is granted, Plaintiffs' motion for leave to amend is granted, and Plaintiffs' motion for sanctions is denied. Each motion is discussed in turn.

---

[1] This order is filed concurrently with the order addressing Plaintiff's motion to exclude an expert report pursuant to Federal Rule of Evidence 702, Defendant's motion to exclude expert reports of two of Plaintiff's witnesses pursuant to Federal Rules of Civil Procedure 26 and 37, and Defendant's motion for class decertification. The Factual and Procedural Background section in that order is incorporated herein and need not be repeated here.

## II. JUDGMENT ON THE PLEADINGS

### A. Background

Home Depot moves for judgment on the pleadings as to Plaintiffs' UCL claim because they have an adequate remedy at law, relying on *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Specifically, Home Depot argues Plaintiffs have sued for damages under the Labor Code, and their UCL claim seeks only the same amount via restitution. Plaintiffs note that Home Depot did not make this argument at the many appropriate junctures which have come and gone, e.g., it moved for summary judgment on this claim on another basis.

### B. Legal Standard

A motion for judgment on the pleadings is governed by Rule 12(c), which "is functionally identical to Rule 12(b)(6)" *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). A dismissal under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory" or an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). If the court finds the complaint fails to state a plausible claim and it is clear that the deficiencies of the complaint cannot be cured by amendment, dismissal without leave to amend is appropriate. *Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001).

### C. Discussion

Plaintiffs' UCL claim is derivative of their claim that Home Depot did not pay them for all hours worked, in violation of various sections of California's Labor Code. Damages cannot be recovered in a UCL claim, only equitable relief such as restitution or an injunction. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003). To obtain equitable relief, a plaintiff must lack an adequate remedy at law, i.e., show that damages are unavailable or inadequate. *Sonner*, 971 F.3d at 844. Yet in their Labor Code cause of action, Plaintiffs seek unpaid wages, actual damages, and liquidated damages.

Plaintiffs respond on several grounds. First, they contend Home Depot has waived this argument. Plaintiffs invoke *Matthews v. Rodgers*, 284 U.S. 521, 524 (1932), and several

California cases holding that equitable jurisdiction can be waived if a party's actions are "so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished." *Wind Dancer Production Group v. Walt Disney Pictures*, 10 Cal. App. 5th 56, 78 (2017) (citations omitted). In Plaintiffs' view, by not objecting at earlier stages, such as summary judgment, Home Depot waived this objection. Home Depot argues this issue cannot be waived because federal common law limits on equity must be applied. *Sonner*, 971 F.3d at 840. In any event, even under the cases Plaintiff relies on, Home Depot's actions to date have not precluded them from waiving this argument, although if the case were even a smidgen more advanced the issue would have to be addressed. Still, just because this argument is not waived does not mean it is meritorious.

Second, Plaintiffs argue that they do not have an adequate remedy at law, for several reasons. They note that many class members will receive less in damages than restitution, because the UCL's statute of limitations is one year longer than the Labor Code's. (The UCL can be used to extend the statute of limitations in some cases like this, *e.g.*, *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178-179 (2000).) Class members who only worked during that year would receive nothing. Thus, they argue *Sonner* is inapplicable, as the Plaintiffs there were seeking the exact same amount in damages and restitution. However, Home Depot argues courts have nonetheless found that the one-year difference did not make damages inadequate after *Sonner*. *Mish v. TForce Freight, Inc.*, 2021 WL 4592124, at *6-7 (N.D. Cal. Oct. 6, 2021) (collecting cases). Plaintiffs only attempt to rebut this in passing. Instead, Plaintiffs argue that holding the statute of limitations to be "immaterial" would violate *Erie*. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). While statutes of limitations are generally substantive, *Guar. Trust Co. of New York v. York*, 326 U.S. 99 (1945), to hold that equitable principles limit Plaintiffs to damages in this case does not render the statutes of limitations immaterial. Plaintiffs have an adequate remedy at law. Thus, Home Depot's motion for judgment on the pleadings as to this claim is granted.

Plaintiffs' remaining counterarguments are not persuasive. First, they note this is a motion

for judgment on the pleadings, and argue that they are allowed to have pled their damages claim and equitable claim in the alternative. Courts are divided on whether *Sonner* applies to the pleadings stage in the first place. *Jeong v. Nexo Fin. LLC*, No. 21-CV-02392-BLF, 2022 WL 174236, at *27 (N.D. Cal. Jan. 19, 2022); *Yeomans v. World Fin. Grp. Ins. Agency, Inc.*, No. 19-CV-00792-EMC, 2022 WL 844152, at *11 (N.D. Cal. Mar. 22, 2022) (collecting cases). Yet while this motion concerns the pleadings, it does so well after the pleadings stage. The case is far advanced: classes have been certified and noticed, and Plaintiffs' adequate remedy at law has been established. There is no need to make a general ruling on whether *Sonner* applies to the pleading stage to hold that Home Depot is entitled to judgment here.

Plaintiffs next characterize their UCL claim as also seeking injunctive and declaratory relief to prevent Home Depot from violating the Labor Code again. The relevant portion of their Complaint seeks "restitution" and "declaratory relief." No other injunctive relief is sought beyond restitution, for which Plaintiffs have an adequate remedy at law. Further, because the UCL claim is derivative of the Labor Code claims, a finding that Home Depot violated the Labor Code automatically leads to a finding that it violated the UCL, so Plaintiffs could not obtain any further declaratory relief under their UCL claim except perhaps in the most pedantic sense. Thus, Plaintiffs do not seek any separate relief in their UCL claim sufficient to let any portion of it survive.

Finally, Plaintiffs argue that if Home Depot's motion is to be granted, the correct remedy is to remand to state court, where relief can be provided, citing *Guthrie v. Transamerica Life Ins. Co.*, 2021 WL4314909 *6 (N.D. Cal 2021). However, piecemeal remand in diversity cases is inappropriate. *See, e.g.*, *Bohanna v. Hartford Life & Acc. Ins. Co.*, 848 F. Supp. 2d 1009, 1013 (W.D. Mo. 2012). Alternatively, Plaintiffs note dismissal could be made specifically without prejudice to re-filing in state court. *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1006 (9th Cir. 2001). It seems Plaintiffs' claims would be futile in state court, at least regarding the period of overlap between the Labor Code and the UCL, because California too requires the lack of an adequate remedy at law before granting equitable relief. *Martin v. Cty. of Los Angeles*, 51 Cal. App. 4th

688, 696 (1996), *as modified on denial of reh'g* (Jan. 13, 1997). However, a California court applying its own law could potentially find there was no adequate remedy at law for the extra year the UCL provides. (The parties do not cite any California law on whether this would be possible in this instance, but as noted previously, the UCL can be used this way at least in some cases, *e.g.*, *Cortez*, 23 Cal. 4th at 178-179, and Plaintiffs believe they have a non-futile argument for such an application.) Thus, while Plaintiffs may not attempt to revive this claim in this Court, Home Depot's motion is granted without any limitation on refiling in state court.

### III. LEAVE TO AMEND

#### A. Background

Plaintiffs seek leave to file a Fourth Amended Complaint because an order granting partial summary judgment dismissed the Private Attorneys General Act ("PAGA") claim in its entirety. Specifically, it held "[f]or the reasons stated above, Home Depot's motion for summary judgment as to Utne's rounding claims is granted. The PAGA claim for relief is dismissed in its entirety with leave to amend." Order Granting Partial Summary Judgment, December 4, 2017, at 10. However, Home Depot had not asked to dismiss the entire PAGA claim. Instead, it argued that Utne had not exhausted his administrative remedies for the rounding claim. Utne acknowledged that, but argued for leave to amend.

Plaintiffs argue the parties have proceeded as if there is an active PAGA claim, e.g., Home Depot moved for summary judgment on the pre-shift PAGA claim, and Home Depot submitted an expert report critiquing the calculation of penalties for the lock-in PAGA claim. Plaintiffs seek leave to amend to remove any uncertainty that they can proceed with their PAGA claim. The parties' statements about the case also refer to the summary judgment order as dismissing only the rounding claim, and reference a live PAGA claim. Joint Case Management Statement, Nov. 29, 2018, at 1-2. Plaintiffs' counsel also declares that he met and conferred with Home Depot's counsel about this motion, and Home Depot's counsel said he was unaware of any order dismissing the PAGA claim. Gold Decl. at 2. The Fourth Amended Complaint adds allegations about administrative exhaustion for the other aspects of the PAGA claim other than rounding.

**B. Legal Standard**

Amendment must be proper under Rule 15. The factors to consider in determining whether to grant leave to amend for Rule 15 are (i) undue delay; (ii) prejudice to the opposing party; (iii) futility of the amendment; (iv) bad faith; and (v) whether the moving party has previously amended its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Undue delay by itself, however, is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Inferences should be drawn in favor of granting the motion. *See Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). The burden is on defendants as the nonmoving party to establish a basis for denying leave to amend. *See DCDprograms Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

**C. Discussion**

Home Depot argues Plaintiffs must show good cause to amend under Rule 16(b). This rule applies only when a deadline for leave to amend has been set by scheduling order. Plaintiffs correctly note that no such deadline was set in this case. The only relevant standard is Rule 15. There may have been some undue delay: Plaintiffs' counsel is unsure whether this issue was not addressed because of an oversight or because it was assumed the order only applied to the rounding portion of the PAGA claim or not. In any case, once they realized there was a potential issue, they acted promptly. The most important factor, prejudice, is absent, as Home Depot has been proceeding as if the PAGA claim was still part of the case. *See DCDprograms Ltd.*, 833 F.2d at 198. As for futility, the question is simply whether the claim makes out a cognizable violation of law. *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bur.*, 701 F.2d 1276, 1293 (9th Cir. 1983). Plaintiffs easily clear that low bar. Also, there is no bad faith: both parties proceeded on the assumption that the PAGA claim was active. Finally, although Plaintiffs have been granted several opportunities to amend before, many amendments by themselves are not a reason to deny further amendments. Each must be considered on the merits, and here, there is ample reason to allow leave to amend. *See Foman*, 371 U.S. at 182.

Home Depot's arguments to the contrary are not persuasive, especially given that

ORDER
CASE NO. 16-cv-01854-RS
6

inferences should be drawn in favor of granting leave to amend, and Home Depot bears the burden of convincing otherwise. Each of its arguments must be seen in context: Home Depot has acted all along as if the PAGA claim was still in the case. Its own counsel represented that it was unaware of any order dismissing the PAGA claim. Home Depot's characterization of its actions as being confined to "ancillary" motions would not really help its case, and anyway it is inaccurate: one of the motions was for summary judgment on the PAGA claim. (Home Depot also misinterprets Plaintiffs' motion to mean Plaintiffs' counsel were unaware of the summary judgment order itself until recently; the clear meaning of Plaintiffs' motion was they were unaware of the possible issue.) Next, Home Depot notes Plaintiffs stated that they did not intend to amend. Joint Case Management Statement, November 29, 2018, at 3. However, Plaintiffs did not sign any binding contract not to amend; indeed, Home Depot emphasizes that Plaintiffs represented that "the pleadings are currently settled," without pausing to note the implication of the word "currently" is that they might become unsettled. *Id.*

As to the most important factor, prejudice, Home Depot only raises general arguments about PAGA claims potentially becoming unmanageable, with no specific arguments about how it will actually be prejudiced here. Home Depot also argues amendment is futile as to one aspect of Plaintiffs' proposed amendment, because Utne is not entitled to waiting-time penalties because he worked at Home Depot when he filed his Complaint. Plaintiffs respond that these penalties are not recoverable under PAGA anyway, citing *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348, 381 (2014). Finally, Home Depot interprets the timing of this motion to suggest bad faith, as trial is months and Plaintiffs can countenance no more continuances. Yet it is impossible to see what advantage Plaintiffs would seek to gain by waiting until now to seek this clarification. Plaintiffs' motion for leave to file the proposed Fourth Amendment Complaint is granted. Plaintiffs' request for relief under Rule 60(b) need not be reached.

## IV. SANCTIONS

### A. Background

Local Rule 3-13(a) states:

[w]henever a party knows or learns that an action filed or removed to this district involves all or a material part of the same subject matter and all or substantially all of the same parties as another action which is pending in any other federal or state court, the party must promptly file [a notice of other action in the pending action].

Plaintiffs argue Home Depot should be sanctioned because it did not file notices when Home Depot removed, transferred, or consolidated five related cases that were filed after this case in the Southern District of California. Specifically, Plaintiffs argue that *Barragan* and *White* contain locked-in claims, which a class was certified for in this action. *White v. Home Depot*, Case No. 22-cv-00276-AJB-AGS (S.D. Cal.); *Barragan v. Home Depot*, Case No. 3:19-cv-01766-AJB-AGS (S.D. Cal.). Further, the named Plaintiff in *White* and most of the other named Plaintiffs in the other cases were class members in this case who received notice and did not opt out. Home Depot acknowledged *White* was related to *Barragan* in papers filed in the Southern District, but referred to *Barragan* as the first case involving the claims in *White*, rather than this case.

Four of those five cases are now scheduled for mediation, and Plaintiffs anticipate any settlement would reduce damages in this case by hundreds of millions of dollars. Home Depot has refused to stipulate to carve out the claims raised in this action from any settlement in the other cases. Thus, Plaintiffs seek not only sanctions but also an order declaring the settlements reached in the other actions shall have no effect on the penalties and damages in this case, and an order striking three of Home Depot's affirmative defenses.

Home Depot has offered to stay *White*, but Plaintiffs are not satisfied as they believe Home Depot intends to settle the claims in *White* through the mediation in *Barragan.* Home Depot declares it has also offered to stipulate to conditions on any settlement in the other cases to protect any damages in this case. Finally, Home Depot notes that the court in *Barragan* rejected a request by Plaintiffs to transfer the cases here.

**B. Legal Standard**

Local Rule 1-4 provides that "failure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a ground for imposition of any authorized sanction." Sanctions stemming from a court's inherent power must rest on a finding of bad faith, and sanctions for violating local rules must be premised on a finding of grossly negligent, reckless, or willful conduct. *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478-80 (9th Cir. 1989). The Ninth Circuit considers four factors in evaluating sanctions based on violations of local rules: (1) "sanctions must be consistent with the Federal Rules and with other statutes"; (2) "the order must be necessary for the court to carry out the conduct of its business"; (3) "the order must be consistent with principles of right and justice"; and (4) "any sanction imposed must be proportionate to the offense and commensurate with principles of restraint and dignity inherent in judicial power." *Id.* at 1480 (citations omitted).

**C. Discussion**

Home Depot challenges the notion that most of the cases at issue are substantially related, arguing that, with the exception of *White*, they involve regular rate of pay and timecard issues, which are not implicated here. Home Depot acknowledges *White* has some overlap with this case. However, it notes that the counsel on the two cases are different, and counsel in this case only learned of the other action because of this motion. Home Depot also argues its offer to stay *White* and commit to not settling any post-shift claims in the other actions would remove any possible prejudice to Plaintiffs in this case, but Plaintiffs have declined that offer. Finally, it notes Plaintiffs could object to any settlements in the other actions.

None of these arguments need be considered in detail. As Home Depot shows, the links Plaintiffs allege tie these cases together are similar to those Plaintiffs have argued were not enough for relation in other cases. In the most closely related case, *White*, Home Depot's choice of different counsel in the two cases does not entirely excuse Home Depot's conduct. Still, Plaintiffs have made no allegations that support a specific finding of bad faith or gross negligence on Home Depot's part. None of the *Zambrano* factors favor sanctions either. 885 F.2d at 1478-80. Thus,

sanctions are inappropriate here. *See id*. This conclusion is bolstered by two other facts: first, Plaintiffs have avenues to object to any possible settlement, and second, any "prejudice" would be mostly or entirely to Plaintiffs' counsel, not the clients themselves, as the classes overlap. Plaintiffs' motion for sanctions is denied.

## V. CONCLUSION

Home Depot's motion for judgment on the pleadings as to Plaintiffs' UCL claim is granted. Plaintiffs' motion for leave to file the proposed Fourth Amended Complaint is granted. Plaintiffs' motion for sanctions is denied.

**IT IS SO ORDERED**.

Dated: May 6, 2022

_____
RICHARD SEEBORG
Chief United States District Judge