1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                        NORTHERN DISTRICT OF CALIFORNIA

9

10   JOHN UTNE,                              Case No. 16-cv-01854-RS

                    Plaintiff,

11

          v.

12                                           ORDER GRANTING MOTION TO
                                             DISMISS AND GRANTING MOTION
13   HOME DEPOT U.S.A., INC.,                FOR LEAVE TO AMEND
                                             COMPLAINT
                    Defendant.

14

15

16                                  **I. Introduction**

17          In this wage and hour class action, Defendant brings a motion to dismiss a claim that has

18   been part of this lawsuit since its inception more than six years ago. Defendant argues that

19   Plaintiff lacks standing to bring Count Three, which avers a failure to pay timely all final wages in

20   violation of California Labor Code §§ 201-203 (the "waiting time" claim). In what is essentially a

21   concession that named plaintiff's claim under Count Three may be deficient, Plaintiff brings a

22   motion for leave to file a Fifth Amended Complaint to add a new named plaintiff. For the reasons

23   explained below, the motion to dismiss is granted because Plaintiff lacks statutory standing to

24   pursue the waiting time claim. The motion for leave to amend is granted. The new named plaintiff,

25   however, cannot pursue the waiting time claim because the statute of limitations has expired and

26   equitable tolling does not apply. Amendment is proper, however, to address concerns about the

27   current named plaintiff's declining health. This motion is suitable for disposition without oral

28   argument, and the hearing scheduled for August 4, 2022 is vacated.

United States District Court
Northern District of California

United States District Court
Northern District of California

## II. Factual and Procedural Background

In March 2016, Utne filed suit against Home Depot in the Superior Court of California seeking recovery of unpaid wages and derivative penalties on behalf of himself and other Home Depot store employees in California. The action was subsequently removed to federal court. The operative Fourth Amended Complaint ("FAC") advances five claims under California Law for (1) failure to pay hourly and overtime wages, Cal. Lab. Code §§ 223, 510, 1194, 1197, 1198; (2) failure to provide accurate written wage statements, *id.* § 226; (3) failure timely to pay all wages at the termination of employment, *id.* § 201-203; (4) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; and (5) civil penalties arising from Home Depot's alleged violation of various provisions of the state labor code, Cal. Lab. Code § 2698 *et seq.*

On March 30, 2018, two classes were certified: (1) a Lock-In Class made up of "[a]ll individuals employed by Home Depot in hourly-paid or non-exempt positions in Home Depot stores in California at any time since March 8, 2012, and who worked at least one shift ending after the time that the Home Depot store was scheduled to close to the public for the evening," and (2) an Hourly Employee Class made up of "[a]ll individuals employed by Home Depot in hourly paid or non-exempt positions in California at any time since March 8, 2012." Order Granting Motion for Class Certification, pp. 1, 11. On July 11, 2019, partial summary judgment was granted to Home Depot as to the Hourly Employees' waiting time penalties claim and wage statement penalties claims.[1] Order on Cross Motions for Summary Judgment, pp. 9-10.

The Court held a motion hearing on May 5, 2022 following the deadline for the parties to file pretrial motions (aside from *Daubert* motions and motions in limine). Among other motions, Plaintiff filed a motion to file a Fourth Amended Complaint, because it appeared an order granting partial summary judgment dismissed the Private Attorneys General Act ("PAGA") claim in its entirety, when Home Depot had not argued for dismissal of the entire claim. The Court granted the

---

[1] On December 4, 2017, partial summary judgment was granted in Home Depot's favor, but only to the extent that Plaintiffs' claims were premised on Home Depot's rounding practices when keeping time.

1   motion to file the Fourth Amended Complaint, noting that "[t]he parties' statements about the case

2   also refer to the summary judgment order as dismissing only the rounding claim, and reference a

3   live PAGA claim" and "Home Depot has acted all along as if the PAGA claim was still in the

4   case." Order at 5, 7.

### III. Article III Standing and Statutory Standing

6        Both the motion to dismiss and the motion for leave file a Fifth Amended Complaint turn

7   on questions of constitutional and statutory standing. Home Depot argues that Utne lacks Article

8   III standing to pursue his waiting time claim, because the statute requires a person to end his or her

9   employment before filing suit, and Utne left his job at Home Depot after this suit began. Section

10  203 of the California Labor Code provides for penalties where an employer "willfully" failed to

11  pay wages at the time an employee is terminated. Cal. Lab. Code § 203(a). The statute proscribes

12  that "the wages of the employee shall continue as a penalty from the due date thereof at the same

13  rate until paid or until an action therefor is commenced; but the wages shall not continue for more

14  than 30 days." *Id.* Plaintiff argues that any concern about whether Utne may recover for a violation

15  of section 203 concerns whether he is allowed to recover under the statute, and is thus a question

16  on the merits. Defendant and Plaintiff are each partially right and partially wrong; there are

17  problems with both Article III standing and statutory standing as to the waiting time claim, but at

18  different times.

19       To establish standing, a requirement for subject matter jurisdiction, plaintiffs must

20  demonstrate three things: (1) they "have suffered an injury in fact"; (2) there is "a causal

21  connection between the injury and the conduct complained of"; and (3) it is likely "the injury will

22  be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)

23  (internal quotation marks and citation omitted). In contrast, "[s]tatutory 'standing, unlike

24  constitutional standing, is not jurisdictional.' The question whether a plaintiff states a claim for

25  relief typically relates to the merits of a case, not to the dispute's justiciability, and conflation of

26  the two concepts often causes confusion." *Jewel v. Nat'l Sec. Agency*, 673 F.3d 902, 907 n.4 (9th

27  Cir. 2011) (quoting *Noel v. Hall*, 568 F.3d 743, 748 (9th Cir.2009)). "[C]ontrolling caselaw tells

28

United States District Court
Northern District of California

1   us statutory standing and Article III standing are separate issues, and a plaintiff can have Article

2   III standing without statutory standing." *WB Music Corp. v. Royce Int'l Broad. Corp.*, No.

3   EDCV16600JGBDTBX, 2018 WL 3357518, at *1 (C.D. Cal. Mar. 1, 2018) (citing *Steel Co. v.*

4   *Citizens for A Better Environ.*, 523 U.S. 83, 97 (1998)).

5        The waiting time statute, section 203 of the California Labor Code, provides relief for

6   when "an employer willfully fails to pay . . . any wages of an employee who is discharged or who

7   quits[.]" Cal. Lab. Code 203(a). At the time of filing, Utne had suffered no injury of the kind

8   contemplated by the statute. He had not been discharged and he had not quit, and thus could not

9   have possibly been owed any wages under section 203. There was thus no "invasion of a legally

10   protected interest[,]" *Lujan*, 504 U.S. at 560, and he had suffered no injury. Once he left the job at

11   Home Depot, however, it would become possible that Utne was not paid all the wages due at the

12   end of employment, and thus he could have suffered an injury within the ambit of section 203.

13   Utne therefore lacked Article III standing until he left his employment at Home Depot in 2020.

14        Even though Utne now has Article III standing, he lacks statutory standing to pursue the

15   section 203 claim. Section 203 of the California Labor code provides for penalties where an

16   employer "willfully" failed to pay wages at the time an employee is terminated. Cal. Lab. Code §

17   203(a). The statute proscribes that "the wages of the employee shall continue as a penalty from the

18   due date thereof at the same rate until paid or until an action therefor is commenced; but the wages

19   shall not continue for more than 30 days." *Id.* The plain text of section 203 only allows recovery

20   "from the due date thereof at the same rate until paid or until an action therefor is commenced[.]"

21   *Id.*; *see also Sillah v. Command Int'l Sec. Servs.*, 154 F.Supp.3d 891, 918 (N.D. Cal. 2015)

22   ("'Waiting time' penalties under California Labor Code § 203 may be collected only after an

23   employee is discharged or quits until a lawsuit is filed."). Utne commenced this lawsuit before the

24   end of his employment. There is thus no period in between when Utne ended his employment (and

25   thus was owed all final wages) and when he commenced this lawsuit. *See Sillah*, 154 F.Supp.3d at

26   918 ("Plaintiff filed his lawsuit on April 29, 2014, but he was not fired until May 5, 2014.

27   Therefore, there was no time period between when Plaintiff was fired and when Plaintiff filed the

1    lawsuit, so Plaintiff is not entitled to any 'waiting time' penalties under California Labor Code §

2    203.").

3          In short, Utne gained Article III standing once he left his employment at Home Depot, but

4    he has never had statutory standing under section 203 because there was no gap in time between

5    the end of his employment and the filing of this lawsuit. The implications of these conclusions for

6    the parties' motions are discussed below.

7                                    **IV. Motion to Dismiss**

8          In a motion Defendant could have filed years ago, Defendant argues that Utne lacks

9    standing to bring his third cause of action to recover "waiting time" penalties under Labor Code §

10   203. Defendant argues that "[b]ecause plaintiff commenced this action before any final wages

11   might have been due, he is not eligible to recover 'waiting time' penalties under Labor Code §

12   203." Motion to Dismiss, p.1. This argument concerns Utne's statutory standing: whether he meets

13   the precise requirements of the statute. Defendant's motion to dismiss is therefore not properly

14   characterized as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, but

15   rather a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Jewel*, 673 F.3d at 907 n.4

16   ("The question whether a plaintiff states a claim for relief typically relates to the merits of a case,

17   not to the dispute's justiciability[.]")

18         Federal Rule of Civil Procedure 12(g)(2) states that "a party that makes a motion under this

19   rule must not make another motion under this rule raising a defense or objection that was available

20   to the party but omitted from its earlier motion." Here, the arguments made by Defendant were all

21   available since the inception of the litigation, and Defendant has brought this motion well after the

22   deadline for bringing pretrial motions. Addressing this motion is appropriate, however, because it

23   concerns a legal issue that will have to be resolved at some point in the litigation. *See In re Apple*

24   *iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017), *aff'd sub nom. Apple Inc. v. Pepper*,

25   139 S. Ct. 1514 (2019) ("Denying late-filed Rule 12(b)(6) motions and relegating defendants to

26   the three procedural avenues specified in Rule 12(h)(2) can produce unnecessary and costly

27   delays, contrary to the direction of Rule 1.").

28

United States District Court
Northern District of California

As explained earlier, Utne has never had statutory standing under section 203 because there was no gap in time between the end of his employment and the filing of this lawsuit. He therefore has not stated a claim upon which relief can be granted, and the motion to dismiss Count Three is granted. To the extent Count Five, his Private Attorneys General Act ("PAGA") claim, is predicated on a violation of section 203, Plaintiff cannot pursue that theory of violation. Plaintiff makes no argument that the portion of the PAGA claim predicated on violations of section 203 could survive if the section 203 claim is dismissed.[2]

### V. Motion for Leave to Amend

In his opposition to the motion to dismiss, Plaintiff argued that if the motion is granted, the Court should grant leave to amend to add an additional representative. At that time, Plaintiff did not name a proposed new plaintiff. Two weeks later, Plaintiff filed a Motion for Leave to File a Fifth Amended Complaint adding Alfred Pinto as an additional class representative.

Amendment must be proper under Rule 15. The factors to consider in determining whether to grant leave to amend under Rule 15 are (i) undue delay; (ii) prejudice to the opposing party; (iii) futility of the amendment; (iv) bad faith; and (v) previous amendment by the moving party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Undue delay by itself, however, is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Inferences should be drawn in favor of granting the motion. *See Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). The burden is on the nonmoving party, the defendant, to establish a basis for denying leave to amend. *See DCDprograms Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Among other arguments, Home Depot argues that amendment is futile because Pinto's claims are time-barred. Pinto ended his employment with Home Depot over seven years ago, in May 2015. Declaration of Alfred Pinto, ¶ 5. The statute of limitations is three years for a waiting-

---

[2] The PAGA claim, however, is not dismissed, because it is predicated on the violation of other laws as well.

United States District Court
Northern District of California

1  time penalty claim, and "[s]uch claims typically accrue on the date wages become due." *Ayala v. Frito*

2  *Lay, Inc.*, 263 F. Supp. 3d 891, 914 (E.D. Cal. 2017). "PAGA claims are governed by [a] one-year

3  statute of limitations." *Watson v. Tennant Co.*, No. 2:18-CV-02462-WBS-DB, 2018 WL 5099281, at

4  *2 (E.D. Cal. Oct. 17, 2018)).

5      Plaintiff argues that Pinto's claims are not time-barred because of equitable tolling.

6  Although the Ninth Circuit has not squarely addressed this issue, Defendants cite to a variety of

7  cases which suggest that claims for absent class members (or in Pinto's case, a previously absent

8  class member) may not have been tolled during the pendency of this litigation. Notably, Plaintiff

9  does not even appear to respond to arguments that a lack of Article III subject matter jurisdiction

10  means tolling cannot apply, instead reasserting its argument that Home Depot's concerns only go

11  to statutory standing, not constitutional standing. As explained above, even though Utne now has

12  Article III standing, he did not have Article III standing until he ended his employment with Home

13  Depot in 2020.

14      The starting point for this issue is *Lierboe v. State Farm*, in which the Ninth Circuit

15  explained "if none of the named plaintiffs purporting to represent a class establishes the requisite

16  of a case or controversy with the defendants, none may seek relief on behalf of himself or any

17  other member of the class." *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th

18  Cir. 2003) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)). The court further held that

19  "where the sole named plaintiff 'never had standing' to challenge a township's poor-relief

20  eligibility guidelines, and where 'she never was a member of the class she was named to

21  represent,'" the claim must be dismissed. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d

22  1018, 1023 (9th Cir. 2003); *see also Neal v. NaturalCare, Inc.*, No. EDCV 12-0531-DOC OPX,

23  2014 WL 346639, at *5 (C.D. Cal. Jan. 30, 2014) (reading *Lierboe* "to stand for the following

24  proposition: if a sole putative class representative lacks constitutional standing prior to class

25  certification, then the class should not have been certified and the action must be dismissed").

26  *Lierboe* did not address tolling or the doctrine of relation back. It is helpful, however, for

27  understanding the nature of this case prior to 2020 when Utne gained Article III standing: there

1    was no case or controversy, and the class should have never been certified as to the waiting time

2    claim.[3]

3        In *Palmer v. Stassinos*, another court in this district addressed the issue of whether

4    amendment to add additional named plaintiffs was futile following the dismissal of certain claims

5    for lack of standing by the named plaintiffs. The court explained that the issue of futility

6    "depend[ed]on (1) whether [the initial plaintiffs'] original complaint tolled the statute of

7    limitations on claims for which they had no standing or (2) whether [the proposed new plaintiffs']

8    claims relate back to the filing date of [the initial plaintiffs'] original complaint. *Palmer,* 236

9    F.R.D. 460, 464 (N.D. Cal. 2006). The district court decided that tolling did not apply. In reaching

10   this conclusion, the court considered a relevant Seventh Circuit opinion, *Walters v. Edgar*, 163

11   F.3d 430 (7th Cir.1998). As explained in *Palmer*, the Seventh Circuit "[held] that the filing of a

12   purported class-action complaint by a plaintiff who lacks standing does not toll the statute of

13   limitations for those who later seek to intervene as plaintiffs." *Palmer*, 236 F.R.D. at 465 (citing

14   Walters, 163 F.3d at 432). The district court explained that since the initial plaintiffs "lacked

15   standing to assert claims under the UCL, the statute of limitations was not tolled for [the new

16   plaintiffs'] subsequently-asserted UCL claims."[4] *Id.* at 466.

17       The reasoning from *Palmer* and *Walters* feels harsh, given that this litigation is now in its

18   seventh year, and it is very well possible that numerous class members relied on the filing of this

19   lawsuit, and continued to rely following class certification. By neglecting to address meaningfully

20   the issue of Article III standing, however, Plaintiff has failed to demonstrate why this reasoning

21   should not apply here. As in the cases described above, "the class certification order was

22   ineffective and the putative class members never acquired a legal status separate from [Utne]."

23   _____

24   [3] The motion for class certification was granted on March 30, 2018, prior to Utne's departure from
     Home Depot.

25
     [4] Plaintiffs do not raise the doctrine of relation back, but it appears that doctrine would fail here
26   too. The *Palmer* court explained that the "identity of interests" requirement for relation back to
     apply could not be met, because the initial plaintiffs' "lack of standing to raise such claims means
27   they have no interest in them." 236 F.R.D. at 466.

28

United States District Court
Northern District of California

*Neal*, 2014 WL 346639, at *5. The result here feels inequitable, and there are also serious concerns about whether Defendant has engaged in gamesmanship essentially to bar a large swath of people from advancing claims under section 203 by intentionally waiting to raise this issue until now. Given, however, that this issue concerns a lack of subject matter jurisdiction over the waiting time claim (at least until Utne's departure in 2020), it is unclear how a court could have discretion to reach another result.[5] Amendment to address the deficiency in the waiting time claim would therefore be futile.

The discussion does not end there, though, because Plaintiff also argues that Pinto should be added as a plaintiff due to Utne's declining health. As Utne describes in his declaration, he was diagnosed with Stage 4 renal failure in April 2020, and his health conditions may preclude him from appearing at trial. Utne Decl. ¶¶ 4, 6. When he most recently visited his doctor, the doctor estimated Utne has two and five years left to live, but that his condition may deteriorate at any time. *Id.* at ¶ 5. Utne also undergoes dialysis three days a week. *Id.* For the reasons explained below, leave to amend is proper on this basis, even if amendment is futile as to the waiting time claim.

First considering undue delay, Utne's declining health is a new development in this case. Further, there does not appear to be bad faith by Plaintiff in seeking to add a new named plaintiff due to Utne's poor health. Next, although Plaintiff has amended his pleadings four times before, his declining health is a different basis for which to amend the pleading as compared to the prior amendments. Amendment is not futile in that it addresses a possible issue about representation of the class should Utne's health decline even more.

Further, any prejudice to Home Depot is largely a problem of its own making. This whole saga was started by Home Depot's motion to dismiss, which could have been brought back in 2016, yet Home Depot neglected to do so. Whether this delay was a deliberate tactic or not,

---

[5] Even if equitable tolling applied after Utne gained Article III standing in 2020, the statute of limitations for Pinto's claim would have expired by then.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    refusing to grant the motion based on prejudice would reward Home Depot's behavior. Further,

2    although discovery has closed and a trial date will be set, none is set at this time. Unlike in cases

3    in which defense counsel "would have to start its discovery efforts from scratch," *Wilson, et al., v.*

4    *Frito-Lay North America, Inc.,* No. 12-cv-01586-JST, 2017 WL 3478776, at *4 (N.D. Cal. August

5    14, 2017), the addition of another plaintiff in this case does not require such extensive efforts.

6    Discovery may be reopened on a limited basis as to the small amount of discovery necessary to

7    address Pinto's addition.

8        One final issue remains: the requirements of Federal Rules of Civil Procedure 23(a)(3) and

9    (4). Plaintiff seeks to add Pinto as a class representative. Rule 23(a)(3) requires that "the claims or

10   defenses of the representative parties are typical of the claims or defenses of the class[.]" Rule

11   23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of

12   the class." Nowhere in Plaintiff's motion, however, does he address the Rule 23 requirements. To

13   appoint Pinto as a class representative, Plaintiff must file a motion seeking his appointment and

14   addressing the Rule 23 requirements. Counsel should include a declaration indicating Pinto's

15   understanding of the responsibilities of serving as class counsel and his willingness to participate

16   in discovery and trial.[6] Counsel should also address whether any conflicts exist amongst Pinto and

17   the class. This motion should be submitted no later than seven days after the filing of this Order.

18       In short, leave to amend is granted. For Pinto to be appointed as a class representative,

19   Plaintiff must move for his appointment, and demonstrate that the adequacy and typicality

20   requirements are satisfied. Should Pinto be appointed as a class representative, he may not pursue

21   waiting time claims on behalf of the class, because the statute of limitations has expired and

22   equitable tolling does not apply.

23

24   [6] When appointing a new class representative following class certification, courts may assess a
     proposed class representative's qualifications to lead the class based on declarations. *Fishon v.*
25   *Premier Nutrition Corp.,* No. 16-CV-06980-RS, 2022 WL 958378, at *4 (N.D. Cal. Mar. 30,
     2022); *Siqueiros v. Gen. Motors LLC,* No. 16-CV-07244-EMC, 2021 WL 2115400, at *25-26
26   (N.D. Cal. May 25, 2021), *on reconsideration in part,* No. 16-CV-07244-EMC, 2021 WL
     3291837 (N.D. Cal. Aug. 2, 2021); *Georgia Advoc. Off. V. Jackson,* 1:19-CV-1634-WMR-JFK,
27   2020 WL 1883879, at *2 (N.D. Ga. January 7, 2020).

28

### VI. Conclusion

The motion to dismiss and the motion for leave to file a Fifth Amended Complaint are granted. Within fourteen days, the parties are directed to file a joint statement before Judge Kim concerning each party's views on what additional discovery is needed should Pinto be appointed as an additional class representative and the timeline for conducting said discovery.

As a final note, neither side's counsel comes out of this latest batch of motions looking good. No satisfying reason has been given for Defendant's delay in challenging the section 203 claim. At best, Defendant failed to identify a clear problem in the named plaintiff's Article III and statutory standing despite years of litigation. At worst, Defendant has intentionally delayed raising this issue in the hopes of forcing the Court's hand and removing a potentially meritorious claim from the case. Plaintiff's counsel looks no better, having failed to research the relevant law at issue and find a suitable class representative to pursue the claims on behalf of the class. Further, Plaintiff even agrees that the Fourth Amended Complaint contains a material error, *i.e.* the Complaint's averment that Utne still works at Home Depot, even though all counsel agree that as of the time of the filing of the Fourth Amended Complaint, he no longer did.

Although it is possible that some additional motion practice may be necessary due to the amendment of the complaint, counsel is advised that the tsunami of motions in this case must end. Any motions that could have been raised earlier will not be viewed favorably, and sanctions will be considered for tactics used to delay the close of this litigation.

**IT IS SO ORDERED**.

Dated: July 26, 2022

_____
RICHARD SEEBORG
Chief United States District Judge