Shaun Setareh (SBN 204514)
        shaun@setarehlaw.com
Thomas Segal (SBN 222791)
        thomas@setarehlaw.com
**SETAREH LAW GROUP**
9665 Wilshire Boulevard, Suite 430
Beverly Hills, California  90212
Telephone:    (310) 888-7771
Facsimile:    (310) 888-0109

Attorneys for Plaintiffs,
JOHN UTNE and ALFRED PINTO

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN UTNE, ALFRED PINTO, on behalf of themselves, all others similarly situated, and the general public, | Case No. 3:16-CV-01854-RS |
| | [Assigned to Hon. Richard Seeborg] |
| *Plaintiffs,* | **CLASS ACTION** |
| vs. | **FIFTH AMENDED COMPLAINT FOR:** |
| HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1-50, inclusive, | 1. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198); |
| *Defendants.* | 2. Failure to Provide Accurate Written Wage Statements (Lab. Code § 226(a)); |
| | 3. Failure to Timely Pay All Final Wages (Lab. Code §§ 201-203); |
| | 4. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*); |
| | 5. Civil Penalties (Lab. Code §§ 2698, *et seq.*). |
| | **JURY TRIAL DEMANDED** |

Plaintiffs, John Utne and Alfred Pino (hereafter "Plaintiffs"), on behalf of themselves, all others similarly situated, and the general public, complain and allege as follows:

## INTRODUCTION

1.     Plaintiffs bring this class and representative action against defendant Home Depot U.S.A., Inc., a Delaware corporation and DOES 1 through 50 inclusive (hereafter "Defendants") for alleged violations of the Labor and Business and Professions Codes. As set forth below, Plaintiffs allege that Defendants have failed to pay them for all hours worked, failed to pay them at least minimum wages for all hours worked, failed to pay them overtime wages for all overtime hours worked, failed to provide them with accurate written wage statements, and failed to timely pay them all of their final wages following separation of employment. Based on these alleged Labor Code violations, Plaintiffs now bring this class and representative action to recover unpaid wages, restitution, and related relief on behalf of himself, all others similarly situated, and the general public.

## JURISIDICTION AND VENUE

2.     This Court has subject matter jurisdiction to hear this case because Plaintiffs are informed and believe that the monetary damages and restitution sought herein for Defendants' conduct exceeds the minimal jurisdictional limits of the Superior Court.

3.     Plaintiffs are informed and believe that the individual claims of the below-defined classes are under the $75,000.00 threshold for Federal diversity jurisdiction and the aggregate claim is under the $5,000,000.00 threshold for Federal jurisdiction, under the Class Action Fairness Act of 2005. Further, there is no federal question at issue as the issues herein are based solely on California law.

4.     Venue is proper in Alameda County pursuant to Code of Civil Procedure Sections 395(a) and 395.5 in that liability arose in Alameda County because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business, and/or has an agent therein.

///

///

1

## PARTIES

**A.**     **Plaintiffs**

5.  Plaintiff John Utne was a current employee for Defendants in an hourly position as a non-exempt employee at the time this lawsuit was filed. He was terminated by Defendants during the course of this litigation.

6.     Plaintiff Alfred Pinto worked for Defendants as an hourly, non-exempt employee from approximately March 2012 to May 2015.

**B.**     **Defendants**

7.     Defendant Home Depot U.S.A., Inc. is a Delaware corporation authorized to do business in California.

8.     Plaintiffs are ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as Does 1-50, inclusive, but is informed and believes that said Defendants are legally responsible for the conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege both the true names and capacities of the Doe Defendants when ascertained.

9.     Plaintiffs are informed and believe that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to each of the other Defendants.

## CLASS ALLEGATIONS

10.     This action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiffs are unaware of any difficulties likely to be encountered in managing this case as a class action.

11.     **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

///

12.     The class and subclass members are defined as follows:

**Hourly Employee Class:** All persons employed by Defendants in hourly or non-exempt positions in California during the **Relevant Time Period**.

**Lockdown Sub-Class:**  All hourly employees of Defendants in California who were required to wait off-the-clock while waiting to be released from Defendants' stores following the end of their during the **Relevant Time Period.**

**Wage Statement Penalties Class:** All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Class:** All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class:** All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period**.

13.     **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiffs reserve the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

14.     **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiffs do not currently know the exact number of class members, Plaintiffs are informed and believe that the actual number exceeds the minimum required for numerosity under California law.

15.     **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A.     Have Defendants failed to compensate class members for all hours worked as a result of requiring class members to wait off-the-clock to be released from Defendants' stores following the end of their shift?

B.     Have Defendants failed to compensate class members for all overtime

*Utne, et al.  v. Home Depot U.S.A., Inc. et al.*                    Fifth Amended Class Action Complaint

hours worked as a result of of requiring class members to wait off-the-clock to be released from Defendants' stores following the end of their shift?

C.     Have Defendants rounded class members' clock in and clock out time and/or total hours worked in an unfair and unneutral manner such as to result in underpayment of wages?

D.     Have Defendants failed to compensate class members with at least minimum wages for all hours worked as a result of of requiring class members to wait off-the-clock to be released from Defendants' stores following the end of their shift?

E.     Have Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and time worked?

F.     Have Defendants applied policies or practices that result in late and/or incomplete final wage payments?

G.     Are Defendants liable to class members for waiting time penalties under Labor Code § 203?

H.     Are class members entitled to restitution of money or property that Defendants may have acquired from them through unfair competition?

16.   **Typicality:** Plaintiffs' claims are typical of the other class members' claims. Plaintiffs are informed and believe and thereon allege that Defendants have a policy or practice of failing to comply with the Labor Code and the Business and Professions Code as alleged herein.

17.   **Adequacy of Class Representative:** Plaintiffs are adequate class representatives in that they have no interests that are adverse to, or otherwise conflict with, the interests of absent class members and are dedicated to vigorously prosecuting this action on their behalf. Plaintiffs will fairly and adequately represent and protect the interests of the other class

members.

18.    **Adequacy of Class Counsel:** Plaintiffs' counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiffs or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiffs and absent class members.

19.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief.  Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## <u>FIRST CAUSE OF ACTION</u>

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197, and 1198)

### (By Plaintiffs, Hourly Employee Class, Lockdown Sub-Class)

20.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

21.    At all relevant times, Plaintiffs and **Hourly Employee Class, Lockdown Sub-Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the Wage Orders.

22.    Section 2 of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

23.     Section 4 of the Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

24.     Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

25.     Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

26.     Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

27.     Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

28.     Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

29.     Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

30.     Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

31.     Labor Code § 510 and Section 3 of the Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

32.     Labor Code § 510 and Section 3 of the Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

33.     Plaintiffs are informed and believe that, at all relevant times, Defendants have applied centrally devised policies and practices to them and **Hourly Employee Class, Lockdown Sub-Class** members with respect to working conditions and compensation arrangements.

### *Store Lockdowns*

34.     At all relevant times during the applicable limitations period, Defendants maintained a policy or practice of requiring Plaintiffs to wait off-the-clock to be released from Defendants' stores following the end of their shift.  This was a regular practice, which was performed after Plaintiffs clocked out at the end of the workday.

35.     Plaintiffs are informed and believe that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of requiring Plaintiffs and **Lockdown Sub-Class** members to wait off-the-clock to be released from Defendants' stores following the end of their shift, and that Plaintiffs and the **Lockdown Sub-Class** members were not compensated for the time.

36.     As a result of Defendant's policy or practice of requiring their employees to wait off-the-clock to be released from Defendants' stores following the end of their shift, Plaintiffs and **Lockdown Sub-Class** members were often required to perform off-the-clock work that Defendants either knew or should have knonw they were performing.

37.     At all relevant times during the applicable limitations period, Defendants failed to pay hourly wages to Plaintff and **Lockdown Sub-Class** members for all time worked, including but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting them to undego said procedures.

///

///

*Rounding*

38.     Plaintiffs are informed and believe that, at all relevant times, Defendants have maintained a policy and/or practice of rounding Plaintiffs and **Hourly Employee Class** members' clock-in and clock-out times and/or total hours worked in an unfair and unneutral manner.

39.     Plaintiffs are informed and believe that, at all relevant times, due to Defendant's above mentioned policy, Defendants failed to pay Plaintiffs and members of the **Hourly Employee Class** for all hours worked, including but not limited to, overtime work.

*Work Before Clocking In*

40.     At all relevant times, Home Depot had a practice that resulted in Plaintiffs and Hourly Employee Class members working before clocking in.

41.     Unde Home Depot's written policies, employees must be working when in the store.

42.     Home Depot directs employees that the moment that they enter the store they are to head directly to the back of the store, obtain an apron from their locker, put on the apron and clock in.

43.     Due to the small number of time clocks used by Home Depot, employees often are not able to clock in immediately.

44.     From the time that employees enter the store they are under Home Depot's control. For example, it would be a violation of Home Depot's policies for an employee who enters the store to stop and have a conversation with a coworker who is leaving the store. Instead, employees are directed that they must be working when in the store, and after entering the store they must proceed directly to the back of the store, get their apron from a locker, put on the apron and then clock in.

45.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Hourly Employee Class, Lockdown Sub-Class** members, seek to recover reasonable attorneys' fees.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

**(Lab. Code § 226)**

**(By Plaintiffs and Wage Statement Penalties Class)**

46. Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

47. Labor Code § 226(a) states in pertinent part the following: " (a) every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the  employer, except for an employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one time, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer".

48. Plaintiffs are informed and believe that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements as described supra in this complaint.

49. Plaintiffs are informed and believe that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements that accurately reflect the gross wages earned because class members were not compensated for off-the-clock work.

50.  Plaintiffs are informed and believe that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements that accurately reflect the gross wages earned because class members' clock in and clock out times and/or total hours worked were rounded in an unfair and unneutral manner such as to result in underpayment of wages.

51.  Plaintiffs are informed and believe that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements that accurately reflect the net wages earned because compensation was not provided for off-the-clock work.

52.  Plaintiffs are informed and believe that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements that accurately reflect the net wages earned because class members' clock in and clock out times and/or total hours worked were rounded in an unfair and unneutral manner such as to result in underpayment of wages.

53.  Plaintiffs are informed and believe that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements that accurately reflect the total hours worked because the off-the-clock work was not included.

54.  Plaintiffs are informed and believe that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements that accurately reflect the total hours worked because class members' clock in and clock out times and/or total hours worked were rounded in an unfair and unneutral manner.

55.  Plaintiffs are informed and believe that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements that accurately reflect all applicable hourly rates and corresponding number of hours worked at each hourly rate because the number of off-the-clock security hours worked and the corresponding hourly rate is not reflected.

56.  Plaintiffs are informed and believe that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements that

accurately reflect all applicable hourly rates and corresponding number of hours worked at each hourly rate because class members' clock in and clock out times and/or total hours worked were rounded in an unfair and unneutral manner.

57. Plaintiffs are informed and believe that Defendants' failures to provide them and **Wage Statement Penalties Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known to not comply with Labor Code 226(a).

58. Plaintiffs and **Wage Statement Penalties Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to state and federal government agencies.

59. Pursuant to Labor Code § 226(e), Plaintiffs, on behalf of themselves and **Wage Statement Penalties Class** members, seek the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code § 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

///
///
///
///
///
///

*Utne, et al.  v. Home Depot U.S.A., Inc. et al.*                    Fifth Amended Class Action Complaint

**THIRD CAUSE OF ACTION**

**FAILURE TO TIMELY PAY ALL FINAL WAGES[1]**

**(Lab. Code §§ 201-203)**

**(Plaintiffs and Waiting Time Penalties Class)**

60. Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

61. At all relevant times, Plaintiffs and **Waiting Time Penalties Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

62. At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

63. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages at the time of resignation.

64. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

65. During the applicable limitations period, Defendants failed to pay Plaintiffs all of their final wages in accordance with Labor Code § 201 by failing to timely pay them all of his final wages.

66. Plaintiffs are informed and believe that, at all relevant times, Defendants have failed to timely pay **Waiting Time Penalties Class** members all of their final wages in accordance with Labor Code §§ 201 or 202.

67. Plaintiffs are informed and believe that, at all relevant times, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Class** members their final wages without regard to the requirements of Labor Code §§ 201 and 202 by failing to

---

[1] Plaintiffs understand that this claim and the Unfair Competition Law claim have been dismissed. Plaintiffs leave these claims in the Fifth Amended Complaint to avoid any possible argument on appeal that the claims have been waived.

timely pay them all final wages.

68. Plaintiffs are informed and believe that Defendants' failures to timely pay all final wages to them and **Waiting Time Penalties Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

69. Pursuant to Labor Code §§ 203 and 218.6, Plaintiffs, on behalf of themselves and **Waiting Time Penalties Class** members, seek waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of 30 days, and interest thereon.

70. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Waiting Time Penalties Class** members, seek awards of reasonable costs and attorneys' fees.

## <u>FOURTH CAUSE OF ACTION</u>

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiffs and UCL Class)

71. Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

72. Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

73. Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

74. California law requires employers to pay hourly, non-exempt, employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

75. Plaintiffs and the UCL Class reallege and incorporate by reference the FIRST cause of action herein.

76. Plaintiffs lost money or property as a result of the aforementioned unfair competition.

77. Defendants have, or may have, acquired money by means of unfair competition.

78. Plaintiffs are informed and believe and theron alleges that, by committing the Labor Code violations described in this complaint, Defendants violated Labor Code §§ 215, 216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the Labor Code violations mentioned herein.

79. Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligation on employers by failing to pay non-exempt employee for all hours worked.

### *Relief Sought*

80. The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business & Professions Code §§ 17200, *et seq*. Business & Professions Code §§ 17200, *et seq*., protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

81. As a result of Defendants' violations of the Labor Code during the applicable limitations period as alleged herein, Plaintiffs have suffered an injury-in-fact and have lost money or property in the form of earned wages. Specifically, Plaintiffs have lost money or property as a result of the aforementioned conduct.

82. Plaintiffs are informed and believe that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

83. Due to its unfair and unlawful business practices in violation of the Labor Code as alleged herein, Defendants have gained a competitive advantage over other comparable

14

companies doing business in the State of California that comply with their legal obligations under the Labor Code.

84. Pursuant to Business & Professions Code § 17203, Plaintiffs, on behalf of themselves and the other members of the **UCL Class**, seek declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

85. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiffs and the other members of the **UCL Class** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## FIFTH CAUSE OF ACTION

### CIVIL PENALTIES

### (Lab. Code §§ 2698, *et seq.*)

86. Plaintiffs incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

87. During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 223, 226(a), 510, 1194, 1197, and 1198.

88. Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of himself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures specified in Labor Code § 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure § 382.

89. Plaintiffs, as former employees against whom Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code § 2699(c).

90. Plaintiffs have complied with the procedures for bringing suit specified in Labor Code § 2699.3.

91. On March 2, 2016, Plaintiff John Utne submitted a notice letter to the LWDA

and by certified mail to Home Depot. A true and correct copy of Plaintiff's PAGA notice letter is attached hereto as **Exhibit A**.

92. Prior to June 1, 2016, pursuant to the provisions of Labor Code section 2699.3, a plaintiff in a representative PAGA action was required to allow for thirty three (33) days to elapse after sending notice to the LWDA before the plaintiff asserted the claim in civil court.

93. Thirty three (33) days passed after Plaintiff Utne and the LWDA took no action in response to the letter. Home Depot also took no corrective action in response to the letter.

94. On April 7, 2016, Plaintiff Utne filed a First Amended Complaint adding a cause of action for civil penalties. A true and correct copy of Plaintiff's First Amended Complaint is attached hereto as **Exhibit B.**

95. Pursuant to Labor Code §§ 2699(a) and (f), Plaintiffs seek the following civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 223, 226(a) 510, 1194, 1197, and 1198:

A.   For violations of Labor Code §§ 201, 202, 203, 226.7, 1194, and 1198, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code § 2699(f)(2));

B.   For violations of Labor Code § 203, a penalty in an amount not exceeding 30 days pay as waiting time (penalties set by Labor Code § 256).

C.   For violations of Labor Code § 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional

(penalties set by Labor Code § 225.5);

D.      For violations of Labor Code § 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code § 226.3);

E.      For violations of Labor Code §510, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code § 558); and

F.      For violations of Labor Code § 1197, $100 for each aggrieved employee for each initial violation of Labor Code § 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of § 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code § 1197.1).

96. Pursuant to Labor Code § 2699(g), Plaintiffs seek awards of reasonable costs and attorneys' fees in connection with his claims for civil penalties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

A.  An order that the action be certified as a class action;

B.  An order that Plaintiffs be appointed class representatives;

C.  An order that counsel for Plaintiffs be appointed class counsel;

D.  Unpaid Wages;

E.  Actual Damages;

F.  Liquidated Damages;

G.  Restitution;

H.  Declaratory relief;

I.   Pre-judgment interest;

J.   Statutory penalties;

K.  Civil penalties;

L.  Costs of suit;

M. Reasonable attorneys' fees; and

N.  Such other relief as the Court deems just and proper.

### <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs, on behalf of themselves, all others similarly situated, and the general public, hereby demand a jury trial on all issues so triable.


DATED:  September 16, 2022                                    SETAREH LAW GROUP


                                                      BY  _/s/ Shaun Setareh_____
                                                         SHAUN SETAREH
                                                         THOMAS SEGAL
                                                         Attorneys for Plaintiffs,
                                                         JOHN UTNE and ALFRED PINTO

# EXHIBIT A



9454 WILSHIRE BLVD
SUITE 907
BEVERLY HILLS, CA 90212
TEL: (310) 888-7771
FAX:  (310) 888-0109

WWW.SETAREHLAW.COM

**\*SENT BY CERTIFIED MAIL\***

March 2, 2016

Attn: PAGA Administrator
1515 Clay Street, Ste. 801
Oakland, CA 94612

*Home Depot U.S.A., Inc.*
*c/o- CSC Lawyers Incorporating Service*
*2710 Gateway Oaks Dr., Ste 150N*
*Sacramento, CA 95833*

     Re:   *Utne v. Home Depot U.S.A., Inc., et al.*

To Whom It May Concern:

Pursuant to the Labor Code Private Attorneys General Act of 2004, Labor Code §§ 2698, *et seq.*, John Utne ("Mr. Utne") provides notice on behalf of himself and on behalf of all similarly situated current and former employees in California ("aggrieved employees"), of Home Depot U.S.A., Inc. ("Home Depot") alleged violations of Labor Code §§ 201, 202, 203, 223, 226(a), 510, 1194, 1197, 1197.1, and 1198.

Utne is an individual who is currently employed by Home Depot in an hourly position. At all relevant times, Home Depot employed persons, conducted business in, and engaged in illegal labor and payroll practices and policies in California.

Utne and aggrieved employees are "employees" within the meaning of Section 2 of the applicable Welfare Commission Order ("the Wage Order") and "aggrieved employees" within the meaning of Labor Code § 2699(c). At all relevant times, Utne and aggrieved employees have been non-exempt employees entitled to the full protections of both the Labor Code and the Wage Order.

As set forth below, Home Depot failed to comply with the Labor Code sections as described herein below.  Accordingly, Utne now seeks civil penalties for Home Depot's alleged violations of the Labor Code.

## Failures to Pay Hourly and Overtime Wages
### (Lab. Code §§ 204, 223, 510, 1194, 1197, and 1198)

Labor Code § 204 provides that all wages (except as provided for under Labor Code §§ 201–202) earned by any person in any employment become due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays, except that wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

Labor Code § 223 states,

> Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract.

In relevant part, Section 2 of the Wage Order states,

> "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

In relevant part, Section 4 of the Wage Order states,

> (A) Every employer shall pay to each employee wages not less than seven dollars and fifty cents ($7.50) per hour for all hours worked, effective January 1, 2007, and not less than eight dollars ($8.00) per hour for all hours worked, effective January 1, 2008[.]
>
> . . .
>
> (B) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise.

In relevant part, Labor Code § 1194 states,

> (a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

In relevant part, Labor Code § 1197 states,

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

In relevant part, Labor Code § 1198 states,

> The employment of any employee . . . under conditions of labor prohibited by the [Wage Order] is unlawful.

In relevant part, Section 3 of the Wage Order states,

> (A) Daily Overtime - General Provisions

> (1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

> (a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

> (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

In conjunction, these provisions of the Labor Code require employers to pay non-exempt employees no less than their agreed-upon or statutorily mandated wage rates for all hours worked, including hours spent working "off-the-clock" (before punching in or after punching out on a time clock) when the employer knows or reasonably should know that employees are working during those hours. *Morillion v. Royal Packing Co.*, 22 Cal.4th 575, 585 (2000).

*LWDA / Home Depot U.S.A., Inc.*
*3/2/2016*
*Page 4 of 9*

### *Off-the-Clock Work*

During the applicable limitations period, Utne and the aggrieved employees had to work off-the-clock because they were not paid for all hours worked including, but not limited to, off-the-clock time spent waiting for Home Depot to release them from the store after the end of their shift. Home Depot failed to pay Utne and the aggrieved employees for the time they spent waiting to be released. This process could take as long as fifteen to twenty minutes per day—time which was unpaid by Home Depot. Accordingly, Utne and the aggrieved employees were not paid at least minimum wages for all hours worked.

Accordingly, Utne now seeks civil penalties for these Labor Code violations that Home Depot has committed against him and aggrieved employees as follows:

1. For all initial violations of Labor Code § 204, $100.00 for each aggrieved employee per pay period for each violation (penalties set by Labor Code § 210);

2. For all subsequent violations of Labor Code § 204, $200.00 for each aggrieved employee, plus 25% of the amount unlawfully withheld from each aggrieved employee, per pay period for each violation (penalties set by Labor Code § 210);

3. For all initial violations of Labor Code § 223 that are deemed to be neither willful nor intentional, $100.00 for each aggrieved employee per pay period for each violation (penalties set by Labor Code § 225.5);

4. For all initial violations of Labor Code § 223 that are deemed to be either willful or intentional, $200.00 for each aggrieved employee, plus 25% of the amount unlawfully withheld from each aggrieved employee, per pay period for each violation (penalties set by Labor Code § 225.5);

5. For all subsequent violations of Labor Code § 223, regardless of whether the initial violation of Labor Code § 223 is deemed to be either willful or intentional, $200.00 for each aggrieved employee, plus 25% of the amount unlawfully withheld from each aggrieved employee, per pay period for each violation (penalties set by Labor Code § 225.5);

6. For all initial violations of Labor Code § 510, $50.00 for each aggrieved employee per pay period for each violation (penalties set by Labor Code § 558(a)(1)-(2));

7. For all subsequent violations of Labor Code § 510, $100.00 for each aggrieved employee per pay period for each violation (penalties set by Labor Code § 558(a)(1)-(2));

8. For all initial violations of Labor Code §§ 1194 and 1198, $100.00 for each aggrieved employee per pay period for each violation (penalties set by Labor Code § 2699(f)(2));

9. For all subsequent violations of Labor Code §§ 1194 and 1198, $200.00 for each aggrieved employee per pay period for each violation (penalties set by Labor Code § 2699(f)(2));

10. For all initial violations of Labor Code § 1197 deemed to be intentional, $100.00 for each aggrieved employee per pay period for each violation (penalties set by Labor Code § 1197.1); and

11. For all subsequent violations of Labor Code § 1197, regardless of whether the initial violation is deemed to be intentional, $250.00 for each aggrieved employee per pay period for each violation (penalties set by Labor Code § 1197.1(a)(1)-(2)).

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

Labor Code § 226(a) requires an employer to provide an employee, either semimonthly or at the time of each wage payment, with an accurate and itemized written wage statement that shows:

1. Gross wages earned;

     a. Defendants failed to provide Utne and the aggrieved employees with written wage statements that comply with the requirements of Labor Code §226(a) because the off-the-clock time worked was not included and thus gross wages earned was not accurately reflected.

2. Total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission;

     a. Defendants failed to provide Utne and the aggrieved employees with written wage statements that comply with the requirements of Labor Code §226(a) because the off-the-clock time worked was not included and thus total hours worked was not accurately reflected.

3. The number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis;

4.   All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;

5.   Net wages earned,

   a.   Defendants failed to provide Utne and the aggrieved employees with written wage statements that comply with the requirements of Labor Code §226(a) because the off-the-clock time worked was not included and thus net wages earned was not accurately reflected.

6.   The inclusive dates of the period for which the employee is paid,

7.   The name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement;

8.   The name and address of the legal entity that is the employer, and

9.   All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

   a.   Defendants failed to provide Utne and the aggrieved employees with written wage statements that comply with the requirements of Labor Code §226(a) because the number of off-the-clock hours worked was not included.

   b.   Defendants failed to provide Utne and the aggrieved employees with written wage statements that comply with the requirements of Labor Code §226(a) because the hourly rate for off-the-clock hours worked was not included.

By failing to accurately record all hours worked, including the "off-the-clock" work described above, Home Depot has failed to provide Utne and the aggrieved employees with written wage statements that comply with the requirements of Labor Code § 226(a). The wage statements of Utne and the aggrieved employees have not accurately reflected their applicable rates of pay, hours worked, and the amounts of their net and gross wages.

   Accordingly, Utne now seeks civil penalties for Home Depot's violations of Labor Code § 226(a) as follows:

1. For all violations of Labor Code § 226(a) if a civil action filed in accordance with the procedures set forth in Labor Code § 2699.3 results in an initial citation or its equivalent, $250.00 for each employee for each violation (Labor Code § 226.3); or

2. For all violations of Labor Code § 226(a) if a civil action filed in accordance with the procedures set forth in Labor Code § 2699.3 results in a subsequent citation or its equivalent, $1000.00 for each employee for each violation (Labor Code § 226.3).

### LATE OR INCOMPLETE FINAL WAGES FOLLOWING SEPARATION OF EMPLOYMENT

Labor Code § 201 requires an employer to pay all earned and unpaid wages to a discharged employee immediately at the time of discharge.

Labor Code § 202 requires an employer to pay all earned and unpaid wages to an employee who quits after giving at least 72 hours-notice all earned and unpaid wages at the time of quitting.

Labor Code § 202 requires an employer to pay all earned and unpaid wages to an employee who quits after less than 72 hours-notice all earned and unpaid wages within 72 hours of giving notice of quitting.

Labor Code § 203 provides that an employee's wages shall continue as a penalty from when they first became due at the same rate until paid for up to 30 days when an employer willfully fails to timely pay all earned and unpaid wages in accordance with Labor Code section 201 or 202.

By failing to timely furnish Utne and aggrieved employees with any final paycheck and/or with final paychecks that include all earned and unpaid wages, including, but not necessarily limited to, all earned and unpaid hourly and overtime wages, Home Depot has violated Labor Code §§ 201 and 202.

Accordingly, Utne now seeks civil penalties for Home Depot's violations of Labor Code §§ 201, 202, and 203 as follows:

1. For all initial violations of Labor Code §§ 201, 202, and 203, $100.00 for each aggrieved employee per pay period for each violation (Labor Code § 2699(f)(2)); and

2. For all subsequent violations of Labor Code §§ 201, 202, and 203, $200.00 for each aggrieved employee per pay period for each violation (Labor Code § 2699(f)(2)).

*LWDA / Home Depot U.S.A., Inc.*
*3/2/2016*
*Page 8 of 9*

Under California Labor Code § 256, the Labor Commissioner shall impose a civil penalty in an amount not exceeding 30 days' pay as waiting time under the terms of Section 203. Home Depot willfully failed to timely furnish Utne and aggrieved employees with any final paycheck timely, and/or with final paychecks that include all earned and unpaid wages, including, but not necessarily limited to, all earned and unpaid hourly and overtime wages, and/or vacation pay, Home Depot has violated Labor Code §§ 201 202, and 203. Accordingly, the aggrieved employees seek to recover the wages and penalties of Section 256 on behalf of herself and other aggrieved employees. Cal. Lab. Code §§ 2699, 2699.3, and 2699.5.

Utne is an individual who is employed by Home Depot in an hourly position within the past year. At all relevant times, Home Depot employed persons, conducted business in, and engaged in illegal labor and payroll practices and policies in California.

## VIOLATIONS OF LABOR CODE §558

Utne is an individual who is employed by Home Depot in an hourly position, during all relevant times. At all relevant times, Home Depot jointly employed persons, conducted business in, and engaged in illegal labor and payroll practices and policies in California.

Under California Labor Code § 558, any person acting on behalf of an employer who violates or causes to be violated a provision of the Labor Code regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to civil penalties and be ordered to pay all unpaid wages. Home Depot failed to provide the aggrieved employees with hourly and overtime wages, and other wage violations. Accordingly, the aggrieved employees seek to recover the wages and penalties of Section 558 on behalf of herself and other aggrieved employees. Cal. Lab. Code §§ 2699, 2699.3, and 2699.5.

## VIOLATIONS OF LABOR CODE §1199

Labor Code § 1199 states:

Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is punishable by a fine of not less than one hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any of the following:

> (a) Requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission.
>
> (b) Pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission.

*LWDA / Home Depot U.S.A., Inc.*
*3/2/2016*
*Page 9 of 9*

      (c) Violates or refuses or neglects to comply with any provision
      of this chapter or any order or ruling of the commission.

    By failing to timely furnish Utne and aggrieved employees with unpaid wages, including, but not necessarily limited to, all earned and unpaid hourly and overtime wages at the regular rate of pay, Home Depot's criminal conduct has violated Labor Code §1199.

1. For all initial violations of Labor Code § 1199 can find an employer liable for a misdemeanor and is punishable by a fine of $100.00 or by imprisonment for not less than 30 days or by both.(Labor Code § 1199)

## VIOLATIONS OF LABOR CODE §256

Utne is an individual who is employed by Home Depot in an hourly position within the past year. At all relevant times, Home Depot employed persons, conducted business in, and engaged in illegal labor and payroll practices and policies in California.

Under California Labor Code § 256, the Labor Commissioner shall impose a civil penalty in an amount not exceeding 30 days' pay as waiting time under the terms of Section 203. Home Depot willfully failed to timely furnish Utne and aggrieved employees with any final paycheck timely, and/or with final paychecks that include all earned and unpaid wages, including, but not necessarily limited to, all earned and unpaid hourly, and overtime wages. Home Depot has violated Labor Code §§ 201 202, and 203. Accordingly, the aggrieved employees seek to recover the wages and penalties of Section 256 on behalf of herself and other aggrieved employees. Cal. Lab. Code §§ 2699, 2699.3, and 2699.5.

### CONCLUSION

As noted above, this letter constitutes the required notice under the Labor Code Private Attorneys General Act of 2004. Insofar as this letter is directed toward Home Depot, please be advised that Utne will seek both reasonable attorneys' fees and costs under Labor Code § 2699(g)(1) in a civil action should the LWDA decline to pursue this matter.

Sincerely,



Shaun Setareh, Esq.

# EXHIBIT B

**FILED BY FAX**
ALAMEDA COUNTY

April 07, 2016

CLERK OF
THE SUPERIOR COURT
By Amrit Khan, Deputy

CASE NUMBER:
**RG16806847**

1  Shaun Setareh (SBN 204514)
       shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
       thomas@setarehlaw.com
3  **SETAREH LAW GROUP**
4  9454 Wilshire Boulevard, Suite 907
5  Beverly Hills, California 90212
   Telephone:    (310) 888-7771
6  Facsimile:    (310) 888-0109

7  Attorneys for Plaintiff,
8  JOHN UTNE

9                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                    **FOR THE COUNTY OF ALAMEDA**
11                        **(UNLIMITED JURISDICTION)**

12  JOHN UTNE, on behalf of himself, all others      Case No. RG16806847
13  similarly situated, and the general public,
                                                     **CLASS ACTION**
14                    *Plaintiff,*
                                                     **FIRST AMENDED COMPLAINT FOR:**
15                    vs.
                                                     1. Failure to Pay Hourly Wages (Lab.
16                                                      Code §§ 223, 510, 1194, 1194.2, 1197,
17  HOME DEPOT U.S.A., INC., a Delaware                1997.1, and 1198);
    corporation; and DOES 1-50, inclusive,           2. Failure to Provide Accurate Written
18                                                      Wage Statements (Lab. Code § 226(a));
19                    *Defendants.*                   3. Failure to Timely Pay All Final Wages
                                                        (Lab. Code §§ 201-203);
20                                                   4. Unfair Competition (Bus. & Prof. Code
21                                                      §§ 17200, *et seq.*);
                                                     5. Civil Penalties (Lab. Code §§ 2698, *et*
22                                                      *seq.*).

23                                                    **JURY TRIAL DEMANDED**

24
25
26
27
28

*Utne v. Home Depot U.S.A., Inc., et al.*                    First Amended Class Action Complaint

Plaintiff, John Utne (hereafter "Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this class and representative action against defendant Home Depot U.S.A., Inc., a Delaware corporation and DOES 1 through 50 inclusive (hereafter "Defendants") for alleged violations of the Labor and Business and Professions Codes. As set forth below, Plaintiff alleges that Defendants have failed to pay them for all hours worked, failed to pay them at least minimum wages for all hours worked, failed to pay them overtime wages for all overtime hours worked, failed to provide them with accurate written wage statements, and failed to timely pay them all of their final wages following separation of employment. Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution, and related relief on behalf of himself, all others similarly situated, and the general public.

## JURISIDICTION AND VENUE

2.     This Court has subject matter jurisdiction to hear this case because Plaintiff is informed and believes that the monetary damages and restitution sought herein for Defendants' conduct exceeds the minimal jurisdictional limits of the Superior Court.

3.     Plaintiffis informed and believes that the individual claims of the below-defined classes are under the $75,000.00 threshold for Federal diversity jurisdiction and the aggregate claim is under the $5,000,000.00 threshold for Federal jurisdiction, under the Class Action Fairness Act of 2005. Further, there is no federal question at issue as the issues herein are based solely on California law.

4.     Venue is proper in Alameda County pursuant to Code of Civil Procedure Sections 395(a) and 395.5 in that liability arose in Alameda County because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business, and/or has an agent therein.

///

///

**PARTIES**

**A.    Plaintiff**

5.    Plaintiff currently works for Defendants in an hourly position as a non-exempt employee.

**B.    Defendants**

6.    Defendant Home Depot U.S.A., Inc. is a Delaware corporation authorized to do business in California.

7.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as Does 1-50, inclusive, but is informed and believes that said Defendants are legally responsible for the conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege both the true names and capacities of the Doe Defendants when ascertained.

8.    Plaintiff is informed and believes that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to each of the other Defendants.

**CLASS ALLEGATIONS**

9.    This action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

10.    **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

11.    The class and subclass members are defined as follows:

> **Hourly Employee Class:** All persons employed by Defendants in hourly or non-exempt positions in California during the **Relevant Time Period**.

>> **Lockdown Sub-Class:**  All hourly employees of Defendants in California who were required to wait off-the-clock while waiting

2

to be released from Defendants' stores following the end of their during the **Relevant Time Period.**

**Wage Statement Penalties Class:** All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Class:** All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class:** All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period.**

12.     **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

13.     **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

14.     **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A.     Have Defendants failed to compensate class members for all hours worked as a result of requiring class members to wait off-the-clock to be released from Defendants' stores following the end of their shift?

B.     Have Defendants failed to compensate class members for all overtime hours worked as a result of of requiring class members to wait off-the-clock to be released from Defendants' stores following the end of their shift?

C.     Have Defendants failed to compensate class members with at least

3

minimum wages for all hours worked as a result of of requiring class members to wait off-the-clock to be released from Defendants' stores following the end of their shift?

D.    Have Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and time worked?

E.    Have Defendants applied policies or practices that result in late and/or incomplete final wage payments?

F.    Are Defendants liable to class members for waiting time penalties under Labor Code § 203?

G.    Are class members entitled to restitution of money or property that Defendants may have acquired from them through unfair competition?

15.    **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and the Business and Professions Code as alleged herein.

16.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

17.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

18.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to

simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197, and 1198)

### (By Plaintiff, Hourly Employee Class, Lockdown Sub-Class)

19.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

20.     At all relevant times, Plaintiff and **Hourly Employee Class, Lockdown Sub-Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the Wage Orders.

21.     Section 2 of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

22.     Section 4 of the Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

23.     Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

24.     Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in

addition to the underlying unpaid minimum wages and interest thereon.

25.     Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

26.     Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

27.     Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

28.     Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

29.     Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

30.     Labor Code § 510 and Section 3 of the Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

31.     Labor Code § 510 and Section 3 of the Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

32.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and **Hourly Employee Class, Lockdown Sub-Class** members with respect to working conditions and compensation arrangements.

*Store Lockdowns*

33.   At all relevant times during the applicable limitations period, Defendants maintained a policy or practice of requiring Plaintiffs to wait off-the-clock to be released from Defendants' stores following the end of their shift.  This was a regular practice, which was performed after Plaintiffs clocked out at the end of the workday.

34.   Plaintiffs are informed and believe that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of requiring Plaintiffs and **Lockdown Sub-Class** members to wait off-the-clock to be released from Defendants' stores following the end of their shift, and that Plaintiff and the **Lockdown Sub-Class** members were not compensated for the time.

35.   As a result of Defendant's policy or practice of requiring their employees to wait off-the-clock to be released from Defendants' stores following the end of their shift, Plaintiff and **Security Check Sub-Class** members were often required to perform off-the-clock work that Defendants either knew or should have knonw they were performing.

36.   At all relevant times during the applicable limitations period, Defendants failed to pay hourly wages to Plaintff and **Security Check Sub-Class** members for all time worked, including but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting them to undego said procedures.

37. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Hourly Employee Class, Lockdown Sub-Class** members, seeks to recover reasonable attorneys' fees.

///

///

///

///

///

///

7

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (By Plaintiff and Wage Statement Penalties Class)

38. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

39. Labor Code § 226(a) states in pertinent part the following: " (a) every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the  employer, except for an employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one time, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer".

40. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements as described supra in this complaint.

41. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements that accurately reflect the gross wages earned because class members were not compensated for off-the-clock work.

42. Plaintiff is informed and believes that, at all relevant times, Defendants have

failed to provide **Wage Statement Penalties Class** members with written wage statements that accurately reflect the net wages earned because compensation was not provided for off-the-clock work.

43. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements that accurately reflect the total hours worked because the off-the-clock work was not included.

44. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements that accurately reflect all applicable hourly rates and corresponding number of hours worked at each hourly rate because the number of off-the-clock security hours worked and the corresponding hourly rate is not reflected.

45. Plaintiff is informed and believes that Defendants' failures to provide him and **Wage Statement Penalties Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known to not comply with Labor Code 226(a).

46. Plaintiff and **Wage Statement Penalties Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to state and federal government agencies.

47. Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code § 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed

an aggregate penalty of $4000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

### THIRD CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and Waiting Time Penalties Class)

48. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

49. At all relevant times, Plaintiff and **Waiting Time Penalties Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

50. At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

51. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages at the time of resignation.

52. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

53. During the applicable limitations period, Defendants failed to pay Plaintiff all of his final wages in accordance with Labor Code § 201 by failing to timely pay him all of his final wages.

54. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to timely pay **Waiting Time Penalties Class** members all of their final wages in accordance with Labor Code §§ 201 or 202.

55. Plaintiff is informed and believes that, at all relevant times, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Class** members their final wages without regard to the requirements of Labor Code §§ 201 and 202 by failing to

timely pay them all final wages.

56. Plaintiff is informed and believes that Defendants' failures to timely pay all final wages to him and **Waiting Time Penalties Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

57. Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of 30 days, and interest thereon.

58. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Class** members, seeks awards of reasonable costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff and UCL Class)

59. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

60. Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

61. Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

62. California law requires employers to pay hourly, non-exempt, employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

1    63. Plaintiff and the UCL Class realleges and incorporates by reference the
2  FIRST cause of action herein.

3    64. Plaintiff lost money or property as a result of the aforementioned unfair
4  competition.

5    65. Defendants have, or may have, acquired money by means of unfair
6  competition.

7    66. Plaintiff is informed and believes and theron alleges that, by committing the
8  Labor Code violations described in this complaint, Defendants violated Labor Code §§ 215,
9  216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the
10  Labor Code violations mentioned herein.

11    67.    Defendants have committed criminal conduct through their policies and
12  practices of, *inter alia*, failing to comport with their affirmative obligation on employers by
13  failing to pay non-exempt employee for all hours worked.

14                                    ***Relief Sought***

15    68. The unlawful conduct of Defendants alleged herein amounts to and
16  constitutes unfair competition within the meaning of Business & Professions Code §§ 17200, *et*
17  *seq*.  Business & Professions Code §§ 17200, *et seq*., protects against unfair competition and
18  allows a person who has suffered an injury-in-fact and has lost money or property as a result of
19  an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on
20  behalf of other similarly situated persons in a class action proceeding.

21    69.  As a result of Defendants' violations of the Labor Code during the
22  applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has
23  lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or
24  property as a result of the aforementioned conduct.

25    70. Plaintiff is informed and believes that other similarly situated persons
26  have been subject to the same unlawful policies or practices of Defendants.

27    71. Due to its unfair and unlawful business practices in violation of the Labor
28  Code as alleged herein, Defendants have gained a competitive advantage over other comparable

                                        12

companies doing business in the State of California that comply with their legal obligations under the Labor Code.

72. Pursuant to Business & Professions Code § 17203, Plaintiff, on behalf of himself and the other members of the **UCL Class**, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

73. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and the other members of the **UCL Class** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## FIFTH CAUSE OF ACTION
### CIVIL PENALTIES
### (Lab. Code §§ 2698, *et seq.*)

74. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

75. During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 223, 226(a), 510, 1194, 1197, and 1198.

76. Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, of behalf of himself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures specified in Labor Code § 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure § 382.

77. Plaintiff, as a former employee against whom Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code § 2699(c).

78. Plaintiff has complied with the procedures for bringing suit specified in Labor Code § 2699.3.

79. Pursuant to Labor Code §§ 2699(a) and (f), Plaintiff seeks the following

13

civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 223, 226(a) 510, 1194, 1197, and 1198:

A. For violations of Labor Code §§ 201, 202, 203, 226.7, 1194, and 1198, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code § 2699(f)(2));

B. For violations of Labor Code § 203, a penalty in an amount not exceeding 30 days pay as waiting time (penalties set by Labor Code § 256).

C. For violations of Labor Code § 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 225.5);

D. For violations of Labor Code § 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code § 226.3);

E. For violations of Labor Code §510, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code § 558); and

F. For violations of Labor Code § 1197, $100 for each aggrieved employee for each initial violation of Labor Code § 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent

14

violation of § 1197, regardless of whether the initial violation was

intentional (penalties set by Labor Code § 1197.1).

80. Pursuant to Labor Code § 2699(g), Plaintiff seeks awards of reasonable costs and attorneys' fees in connection with his claims for civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

    A.  An order that the action be certified as a class action;

    B.  An order that Plaintiff be appointed class representative;

    C.  An order that counsel for Plaintiff be appointed class counsel;

    D.  Unpaid Wages;

    E.  Actual Damages;

    F.  Liquidated Damages;

    G.  Restitution;

    H.  Declaratory relief;

    I.  Pre-judgment interest;

    J.  Statutory penalties;

    K.  Civil penalties;

    L.  Costs of suit;

    M.  Reasonable attorneys' fees; and

    N.  Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, all others similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

DATED: April 6, 2016                  SETAREH LAW GROUP

                                      SHAUN SETAREH
                                      Attorneys for Plaintiff,
                                      JOHN UTNE

## PROOF OF SERVICE

State of California,
County of Los Angeles

    1.    I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and not a party to the within action. My business address is 9454 Wilshire Boulevard, Ste. 907, Beverly Hills, CA 90212.

    2.    I am familiar with the practice of the Setareh Law Group for collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with the United States Postal Service the same day it is submitted for mailing.

    3.    On the Monday, March 28, 2016, I served the foregoing document described as:
### - FIRST AMENDED COMPLAINT

on interested parties by placing a true and correct copy thereof enclosed in a sealed envelope, with postage fully prepaid, addressed as follows:

### CSC- LAWYERS INCORPORATING SERVICE
### 2710 GATEWAY OAKS DR STE l50N
### SACRAMENTO CA 95833

**[X]**    **BY MAIL**
    I am readily familiar with the practice of Setareh Law Group for the collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with United States Postal Service the same day it is submitted for mailing with postage thereon fully prepaid at Beverly Hills, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[ ]**    **BY E-MAIL OR ELECTRONIC TRANSMISSION**
    Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent to the person(s) listed at the address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ]**    **BY FEDERAL EXPRESS**
    I am readily familiar with the practice of Setareh Law Group for the collection and processing of correspondence for deposit with Federal Express. It is the practice that correspondence is deposited with Federal Express the same day it is submitted for mailing with fees thereon fully prepaid at Beverly Hills, California. I am aware that on motion of the party served, service is presumed invalid if date of receipt of the document by Federal Express is more than one day after date of deposit for mailing in affidavit.

**[ ]**    **BY FACSIMILE MACHINE**

      I transmitted from a facsimile transmission machine whose telephone number is (310) 888-0109 to the above-identified recipient and fax telephone number.  The above-described transmission was reported as complete without error by a transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

**[ ]**    **PERSONAL SERVICE**

      I delivered the foregoing document by hand delivery to the addressee named above.

**[ ]**    **BY CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

      I deposited such envelope in the mail at Beverly Hills, California.  The envelope was mailed Certified/Return Receipt Requested with postage thereon fully prepaid.  I am readily familiar with the practice of Setareh Law Group for collection and processing of correspondence for mailing with the United States Postal Service.  It is the practice that correspondence is deposited with United States Postal Service the same day it is submitted for mailing with postage thereon fully prepaid at Beverly Hills, California.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]**    **STATE** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**[ ]**    **FEDERAL** I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                                                                         Mollie E. Bovee

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

**John Utne v. Home Depot U.S.A., Inc.**
**Case No.: 3:16-cv-01854-RS**

I am a citizen of the United States and am employed in the County of Los Angeles, State of California.  I am over the age of 18 years, and not a party to the within action.  My business address is 9665 Wilshire Boulevard, Suite 430 Beverly Hills, CA 90212.

On Friday, September 16, 2022, I served the foregoing document described as:

**FIFTH AMENDED COMPLAINT**

**[X]    BY CM/ECF NOTICE OF ELECTRONIC FILING**

I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on Friday, September 16, 2022, at Beverly Hills, California.

_____*/s/ Tyson Gibb*_____ ___
TYSON GIBB, ESQ.