UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN UTNE, et al.,<br><br>          Plaintiffs,<br><br>   v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>          Defendant. | Case No. 16-cv-01854-RS<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

**MOTION FOR FINAL APPROVAL**

On March 7, 2024, a hearing was held on Plaintiffs' motion for final approval of the class action and Private Attorneys General Act ("PAGA") settlement (the "Settlement) between Plaintiffs and Defendant Home Depot U.S.A., Inc., a Delaware Corporation ("Defendant" or "Home Depot). The parties have submitted the Settlement, which was preliminarily approved on July 28, 2023. Dkt. 370. In accordance with the Preliminary Approval Order, Settlement Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions. Having received and considered the Settlement, the supporting papers filed by the parties, and the argument presented at the preliminary and final approval hearings, final approval of the Settlement is granted. It is further ordered, adjudged, and decreed that:

    1.    Pursuant to the Preliminary Approval Order, the Notice of Proposed Class Action Settlement was sent to each Settlement Class Member by first-class mail. This notice procedure fully satisfied the provisions of Federal Rule of Civil Procedure 23 and provides the basis for

approval of the Settlement based on the responses of Settlement Class Members. The notice provided in this case was the best notice practicable and satisfied the requirements of law and due process.

2.     The Settlement Classes, as conditionally certified by the Preliminary Approval Order, meet all the legal requirements for class certification for settlement purposes under Federal Rule of Civil Procedure 23(a) and 23(b)(3). Accordingly, the class is finally certified for settlement purposes.

3.     The preliminary appointment of Shaun Setareh, Thomas Segal, Farrah Grant, and Tyson Gibbs of Setareh Law Group; and Alan Lazar, and Cody Kennedy of Marlin & Saltzman LLP as Class Counsel is confirmed, as is the appointment of the Named Plaintiffs as Class Representatives for the Settlement Class.

4.     The terms of the Settlement are fair, reasonable, and adequate to the Settlement Class and to each Settlement Class Member. The Settlement Class Members who did not timely submit valid Requests for Exclusion in accordance with the Settlement Agreement and the Preliminary Approval Order will be bound by the Settlement. The Settlement is finally approved, and all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

5.     Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

6.     The parties are hereby ordered to comply with the terms of the Settlement.

7.     Final judgment is entered in accordance with the terms of the Settlement, the Order Granting Preliminary Approval of Class Action Settlement filed on July 28, 2023, and this Order.

8.     As of the date of this Order, in consideration of the Class Settlement Fund provided for under the Agreement, and for other good and valuable consideration, each of the Settlement Class Members shall, by operation of this Order, have fully, finally, and forever released, relinquished, and discharged all Settlement Class Released Claims against the Releasees in

1  accordance with Section 127 of the Agreement, the terms of which are incorporated herein by

2  reference, and shall be permanently barred and enjoined from instituting, commencing,

3  prosecuting or asserting any such Settlement Class Released Claims against the Releasees. The

4  Named Plaintiffs have released their individual claims in accordance with Section 130 of the

5  Agreement.

6      9. As of the date of this Order, in consideration of the PAGA Settlement Fund

7  provided for under the Agreement, and for other good and valuable consideration, each of the

8  PAGA Group Members shall, by operation of this Order, have fully, finally, and forever released,

9  relinquished, and discharged all PAGA Released Claims against the Releasees in accordance with

10 Section 128 of the Agreement, the terms of which are incorporated herein by reference, and shall

11 be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any

12 such PAGA Released Claims against the Released Parties. In their capacity as private attorneys

13 general, Named Plaintiffs acting on behalf of themselves and as proxy or agent of the Labor and

14 Workforce Development Agency ("LWDA") and State of California, release and discharge

15 Releasees from all PAGA Released Claims. Named Plaintiffs, the LWDA, the State of California,

16 and any other individual or entity acting on behalf of or purporting to act on behalf of the LWDA

17 and/or the State shall be barred from asserting any of the PAGA Released Claims in any future

18 litigation, arbitration, or other legal forum in accordance with Section 129 of the Agreement.

19     10. This document will constitute a final judgment (and a separate document

20 constituting the judgment) for purposes of Rule 58 of the Federal Rules of Civil Procedure.

21     11. The parties are directed to effectuate the Settlement terms as set forth in the

22 Settlement Agreement and the Settlement Administrator to calculate and pay the claims of the

23 Settlement Class Members from the Net Settlement Amount in accordance with the terms set forth

24 in the Settlement Agreement.

**MOTION FOR ATTORNEY FEES, LITIGATION EXPENSES, SETTLEMENT ADMINISTRATION COSTS, AND SERVICE AWARDS**

1. The Parties will bear their own costs and attorney fees except as provided in the Settlement.

2. In recognition of the Class Counsel's active litigation of this case over the past seven years, Class Counsel are entitled to significantly more than the benchmark of 25% attorney fees. 30% of the Settlement Amount—which amounts to $21,750,000.00 and represents a substantial multiplier of the lodestar—is appropriate here.

3. Plaintiffs' request for $3,202,009.35 in costs is reasonable. Therefore, this amount shall be paid to Settlement Class Counsel from the Class Settlement Amount.

4. The Settlement Administrator is awarded $693,400.00 to be paid from the Class Settlement Amount.

5. The requested service awards to the Estate of John Utne through his Successor in Interest Karen Utne in the amount of $25,000, and to Alfred Pinto in the amount of $7,500, are reasonable and shall be paid from the Class Settlement Amount.

**CONCLUSION**

The motions for final approval of the class action settlement and for attorney fees are granted. Judgment is entered in accordance with the terms of this Order as of the date of this Order.

**IT IS SO ORDERED**.

Dated: March 8, 2024

_____
RICHARD SEEBORG
Chief United States District Judge